GEORGE L. MESKER & COMPANY v. C. B. WEST and E. H. MENEFEE, TRADING AS WEST & MENEFEE.

(Filed 29 September, 1926.)

**1. Contracts—Vendor and Purchaser—Delivery—Reasonable Time.**

Where a contract to deliver goods does not specify the time thereof, and the seller is advised that the use by the purchaser required promptness to be binding on the purchaser, they must be delivered to the seller within a reasonable time to comply with the contract.

**2. Appeal and Error—Briefs—Assignments of Error—Objections and Exceptions.**

Assignments of error in appellant's brief must conform to the rule of court requiring that they be based on exceptions duly noted.

APPEAL by defendants from *Nunn, J.,* at April Term, 1926, of PITT. No error.

Action to recover purchase price of goods sold and delivered. From judgment upon verdict defendants appealed to the Supreme Court.

*W. A. Darden for plaintiffs.*
*Blount & James for defendants.*

PER CURIAM. On 26 June, 1922, plaintiffs accepted an order from defendants for metal, fireproof doors, to be manufactured in accordance with specifications furnished by defendants and shipped to defendants at Stantonsburg, N. C., where defendants were engaged as contractors in the erection of a school building. There had been an extended correspondence between plaintiffs and defendants, with respect

to said order, the first letter having been written by defendants on 8 May, 1922. The order was not given, definitely and finally, until 22 June, 1922. While defendants stated in this letter that they would need the doors in the next few days, and plaintiffs, in their letter accepting the order, replied that they hoped to receive from the factory, within the next few days, the shipping date of the goods, no definite time for the shipment of the doors was agreed upon. The doors were delivered by plaintiff to a common carrier for shipment to defendants on 15 July, 1922. They did not arrive at Stantonsburg until October, 1922. Defendants have filed claim with the railroad company for loss on account of delay in transportation.

Defendants excepted to instructions in the charge of the court that under the terms of the contract plaintiffs were required to ship the doors within a reasonable time from the date of the acceptance of the final order and not on any specific date; that if the jury found that the goods were delivered by plaintiffs to the common carrier for shipment to defendants, within such reasonable time, they should answer the issue in accordance with the contention of plaintiffs.

Assignment of error number two does not comply with the Rules of this Court, in that said assignment is not based on specific exceptions appearing in the case on appeal. Rule 19(3). Defendants assign as error "that the court repeatedly instructed the jury that the plaintiffs were only required to make delivery of the doors within a reasonable time after receipt of the order, notwithstanding that there was a specific time within which plaintiffs agreed to make delivery, and time was of the essence of the contract." We fail to find in the contract, as contained in the letters, any agreement on the part of plaintiffs to ship the doors within a specific time. *Leak v. Covington,* 99 N. C., 559. We have, however, examined exceptions upon which the assignment of error is apparently based. They cannot be sustained. There is

No error.