WOODY BROTHERS BAKERY v. GREENSBORO LIFE INSURANCE
COMPANY.

(Filed 23 December, 1931.)

**Appeal and Error F a—Only exceptions entered in Superior Court upon
appeal from county court will be considered on appeal to Supreme
Court.**

Under the provisions of our Constitution Art. IV, sec. 8, the Supreme
Court on appeal may review only matters of law or legal inference, and
it can exercise this jurisdiction only where the decision of the lower
court is presented by assignments of error based upon exceptions duly
taken, and where the appeal is taken solely to the judgment of the
Superior Court affirming the judgment of the general county court the
judgment will be affirmed where there is no error therein, and the
Supreme Court will not consider assignments of error taken in the county
court where the action of the Superior Court upon such assignments.
are not presented by exceptions duly entered in the Superior Court.

APPEAL by defendant from *Harding, J.,* at June Term, 1931, of BUN-
COMBE. Affirmed.

This is an action to recover on a policy of life insurance issued by
the defendant, without a medical examination of the insured. C. S.,.
6460. By the terms of the policy, defendant promised to pay to the
plaintiff, upon the death of the insured, the sum of $2,500. The policy
was issued on 15 May, 1930; the insured died on 28 July, 1930.

The defendant denied liability on the policy and refused to pay the
amount thereof, on the ground that the issuance of the policy was.
procured by false and fraudulent representations made by the insured
in his written application therefor.

The action was begun and tried in the General County Court of Bun-
combe County. The issues submitted to the jury were answered as
follows:

"1. Was the policy sued on in this action procured by the fraud of
the deceased? Answer: No.

2. What amount, if any, is the plaintiff entitled to recover of the de-
fendant on the policy sued on in this action? Answer: $2,500, with
interest from 28 July, 1930."

From judgment on the verdict, the defendant appealed to the Superior
Court of Buncombe County. N. C. Code, 1931, sec. 1608(cc). On this
appeal defendant assigned as errors in the trial in the general county
court the refusal of the court (1) to submit issues tendered by defendant;
and (2) to allow its motion for judgment as of nonsuit at the close
of all the evidence. On the hearing of this appeal in the Superior Court,.
defendant's assignments of error were not sustained.

From judgment of the Superior Court affirming the judgment of the general county court, defendant appealed to the Supreme Court. On this appeal, defendant assigned as error the judgment of the Superior Court. This was the only assignment of error.

*W. H. Hipps, Irwin Monk and Kitchin & Kitchin for plaintiff.*
*Sullivan & McRae for defendant.*

PER CURIAM. The only assignment of error on defendant's appeal to this Court is based upon its exception to the judgment of the Superior Court. The defendant does not assign as errors the decisions of the judge of the Superior Court of the questions of law presented to said court by its assignments of error on its appeal from the judgment of the general county court. These assignments of error were not sustained by the Superior Court. They are discussed in the brief filed in this Court by counsel for defendant. They cannot be considered, however, on this appeal. *Smith v. Texas Co.,* 200 N. C., 39, 156 S. E., 160; *Davis v. Wallace,* 190 N. C., 543, 130 S. E., 176; *Smith v. Winston-Salem,* 189 N. C., 178, 126 S. E., 514. This Court will consider and pass upon only exceptions duly noted by the appellant to decisions of the court below on matters of law or legal inference. Its jurisdiction as an appellate court is conferred by the Constitution, Art. IV, sec. 8. It has no jurisdiction except to review, upon appeal, decisions of the court below on matters of law or legal inference. It can exercise this jurisdiction only when the decisions of the court below are properly presented by assignments of error based upon exceptions duly taken. *Rawls v. Lupton,* 193 N. C., 428, 137 S. E., 175. There is no error in the judgment of the Superior Court. It is

Affirmed.