T. C. WILSON, ON BEHALF OF HIMSELF AND OTHER TAXPAYERS OF THE CITY OF CHARLOTTE, v. CITY OF CHARLOTTE, A MUNICIPAL CORPORATION.

(Filed 11 July, 1934.)

1. **Appeal and Error J d—**

   The burden of showing error is on appellant.

2. **Appeal and Error F a—**

   The Supreme Court can review only such questions as are presented by exceptions duly taken and assignments of error duly made.

3. **Same—**

   Where the only exception on appeal is to the judgment, and the findings of fact, to which no exceptions are taken, support the judgment, the judgment must be affirmed.

4. **Taxation A a—Judgment restraining issuance of bonds by city without vote held supported by findings of fact.**

   In a suit to enjoin the issuance of bonds by a city the trial court found, among other facts, that the city would issue the bonds unless restrained and that the issuance of the bonds had not been approved by the qualified voters and that the bonds would be issued to provide funds to build a drilling tower to train the city's firemen. Judgment was entered permanently enjoining the issuance of the bonds, the court being "of the opinion" that the bonds were not for a necessary municipal expense within the meaning of Article VII, section 7, of the Constitution. The only assignment of error on appeal was to the signing of the judgment. *Held*, even treating the assignment of error as one to the judgment as signed and treating the "opinion" that the bonds were not for a necessary expense as a finding of fact, the judgment is supported by the findings, to which no exception was taken, and the judgment must be affirmed on appeal.

CIVIL ACTION, before *Shaw, Emergency Judge,* at 19 March Special Term, 1934, of MECKLENBURG.

The plaintiff is a citizen and taxpayer of Charlotte. The city council for the city of Charlotte at a regular meeting on 4 February, 1934, adopted a resolution reciting that "the proper training and education of the personnel of the fire department in the use of all fire fighting appliances makes it essential that a drill tower be created." Thereupon it was resolved that the city make application to the Local Government Commission for authority to issue bonds of the city in the sum of $17,500, the proceeds thereof to be used for the construction and equipping of a modern drill tower. It was further resolved that if the proposal be approved by the Local Government Commission that application be made to the Federal Public Works Administration for a loan of $17,500, "including the grant, that the city issue its bonds therefor, and that the proceeds therefrom be used in the construction and equipment of a modern drill tower."

The evidence disclosed that the proposed drill tower would be a six-story building, "25 feet by 46 feet inside," etc.

The plaintiff secured a temporary restraining order prohibiting the issuance of the bonds, and at the hearing a jury trial was waived by the parties and it was stipulated that the court should find the facts and render judgment. The court found in substance that the plaintiff was a freeholder and the defendant a municipal corporation, operating under a form of government known as Plan D, with power to pass ordinances and "to provide for the payment of any existing indebtedness and of any obligation that may be made from time to time by the city," etc. The bond ordinance was recited together with the fact that the city of Charlotte had a population of eighty thousand people, maintaining a fire department "composed of members who devoted their full time to protecting the said city against fires," and that there are no funds available for the construction of such tower except such as were to be derived from the proposed bond issue. The court further found that the question of issuing said bonds had never been submitted to the qualified voters of Charlotte, and that unless restrained the city would proceed to issue said bonds.

It is further recited: "Upon the finding of the facts, the court is of the opinion and so holds that the construction of the fire drill tower is not a necessary expense for the city of Charlotte within the meaning of section 7 of Article VII of the Constitution of North Carolina, and that the defendant has no legal right and authority to issue and sell the said bonds as set out in the aforesaid resolution dated 14 February, 1934. Now, therefore, . . . it is considered, ordered, adjudged and decreed that the restraining order which was entered in this cause on 21 March, 1934, be and the same is hereby made permanent and perpetual, and the said defendant be taxed with the costs of this action."

The appeal entry is as follows: "To the judgment herein entered the defendant excepts and appeals therefrom to the Supreme Court of North Carolina."

The only assignment of error is as follows: "The defendant hereby assigns as error the signing of the judgment appearing in the record, having duly excepted to the signing of said judgment."

*Charles W. Bundy for plaintiff.*
*Bridges & Orr and J. E. Stukes for defendant.*

BROGDEN, J. It is elementary law that upon appeal to the Supreme Court the appellant must show error. Moreover, this Court can only review such questions as are presented by exceptions duly taken and assignments of error duly made. Thus, in *Bakery Co. v. Ins. Co.,* 201

N. C., 816, it was held that "this Court will consider and pass upon only exceptions duly noted by the appellant to decisions of the court below on matters of law or legal inference. . . . It has no jurisdiction except to review, upon appeal, decisions of the court below on matters of law or legal inference. It can exercise this jurisdiction only when the decisions of the court below are properly presented by assignments of error based upon exceptions duly taken."

The only assignment of error in the case at bar is to the "signing of the judgment, . . . having duly excepted to the signing of said judgment." If said assignment merely refers to the act of signing the judgment, it presents no question of law for review. But, upon the other hand, if it be treated "as an exception to the judgment, it presents the single question whether the facts found or admitted are sufficient to support the judgment." *Mfg. Co. v. Lumber Co.,* 178 N. C., 571, 101 S. E., 214. Manifestly, the facts found by the trial judge support the judgment. The resolution authorizing the bond issue does not recite that a drill tower is a "necessary expense" of the city of Charlotte, nor does the judge find such fact. Indeed, if it be contended that the words "the court is of opinion" . . . "that the construction of the fire drill tower is not a necessary expense for the city of Charlotte" is a finding of fact, then there is no exception to such finding and no assignment of error based thereon. Consequently, the judgment as written must stand. See *Smith v. Texas Co.,* 200 N. C., 39, 156 S. E., 160; *Messer v. Ins. Co.,* 205 N. C., 236.

Affirmed.