W. T. EFIRD, GUARDIAN OF W. T. EFIRD, JR., JOHN EFIRD, DOROTHY
EFIRD, RUTH EFIRD, JANE EFIRD, COLUMBUS EFIRD, AND
THOMAS EFIRD, AND W. H. EFIRD AND J. J. EFIRD, v. R. L. SMITH,
CHARLES A. CANNON, AND WACHOVIA BANK AND TRUST COM-
PANY, TRUSTEES UNDER THE WILL OF JOHN S. EFIRD, DECEASED.

(Filed 26 June, 1935.)

1. **Trusts F b—Plaintiff beneficiaries must make out prima facie case
against trustees to be entitled to their removal.**

Where the court finds that the plaintiffs, beneficiaries under a trust
created by will, have not made out a *prima facie* case that defendant
trustees were guilty of misconduct or bad faith in the administration
of the trust or of damage to plaintiffs in the administration thereof, the
findings support the court's order refusing plaintiffs' prayer for the
removal of the trustees.

2. **Appeal and Error F b—**

Where the only assignment of error is based on appellants' exception
to the judgment, and the judgment is supported by the findings of fact,
the judgment will be affirmed on appeal.

3. **Appeal and Error J d—**

The burden is on appellant to show error upon appeal.

4. **Appeal and Error F a—**

Only questions presented by exceptions duly taken can be reviewed by
the Supreme Court on appeal.

STACY, C. J., dissents.

APPEAL by plaintiffs from *Clement, J.,* at Chambers, in the town of
Albemarle, on 9 October, 1934. Affirmed.

This is an action for an accounting by the defendants as trustees
under the will of John S. Efird, deceased, to the plaintiffs as beneficia-
ries under said will. See *In re Will of Efird,* 195 N. C., 76, 141 S. E.,
460.

The action was heard on affidavits submitted by both the plaintiffs
and the defendants.

On the facts found by the judge, the motion of the plaintiffs for the
relief prayed for in their complaint was denied. The action was dis-
missed, and the plaintiffs excepted and appealed to the Supreme Court,
assigning as error the signing of the judgment.

*Vann & Milliken and Varser, McIntyre & Henry for plaintiffs.*

*Manly, Hendren & Womble, Wm. H. Beckerdite, and Cansler &
Cansler for defendants.*

PER CURIAM. After hearing the affidavits submitted by both plaintiffs and defendants, and arguments of their counsel, the judge found as a fact, and held as a matter of law, that the plaintiffs had failed to make out a *prima facie* case against the defendant trustees, or any of them, to the effect that they have been guilty of any bad faith, misconduct, or other breach of trust in the administration of their trust, as alleged in the complaint, or that the plaintiffs or other beneficiaries of said trust have suffered any loss or damage on account of the administration of said trust by the defendant trustees.

On these findings of fact and conclusions of law, the motion of the plaintiffs for the relief prayed for in their complaint was denied, and the action dismissed.

The only assignment of error in this appeal is based on plaintiff's exception to the judgment. This assignment of error cannot be sustained, because the judgment is supported by the findings of fact. Manifestly, if the plaintiffs failed to show at least a *prima facie* case at the hearing of their motion, they are not entitled to the relief sought by their action.

The judgment is affirmed on the authority of *Wilson v. Charlotte,* 206 N. C., 856, 175 S. E., 306. In that case it is said:

"It is elementary law that upon appeal to the Supreme Court the appellant must show error. Moreover, this Court can only review such questions as are presented by exceptions duly taken and assignments of error duly made."

Affirmed.

STACY, C. J., dissents.