JAMES A. RADER v. QUEEN CITY COACH COMPANY AND UTICA MUTUAL INSURANCE CO.

(Filed 31 October, 1945.)

**1. Appeal and Error § 37e: Master and Servant § 55b—**

An exception to a judgment, which approved and confirmed the findings of fact, conclusions of law and award of the N. C. Industrial Commission, presents the single question, whether the facts found and admitted are sufficient to support the judgment. It is insufficient to bring up for review the findings of fact or evidence upon which they are based.

**2. Appeal and Error §§ 37e, 40a—**

When the only assignment of error is based on appellant's exception to the judgment and the judgment is supported by the findings of fact, the judgment will be affirmed.

**3. Appeal and Error § 23—**

Where there is a single assignment of error to several rulings of the trial court and one of them is correct, the assignment must fail.

**4. Master and Servant § 55d: Appeal and Error § 37e—**

Findings of fact by the Industrial Commission, affirmed and approved by the judge, are binding on us when supported by evidence. It is presumed. that they are correct and in accordance with the testimony and, when it is claimed that such findings are not supported by evidence, the exceptions and assignments of error entered into the court below must so specify.

APPEAL by defendants from *Bobbitt, J.,* at March Term, 1945, of BURKE. Affirmed.

Claim for compensation under the Workmen's Compensation Act.

Claimant was a relief driver for defendant bus company, operating from Salisbury to Asheville. He worked six days and was then two days off duty. His headquarters were at Salisbury. He was furnished free transportation when off duty provided he was in uniform, his uniform being his pass or permit. On 15 May, 1943, while off duty, he went to Marion to be with his family. On 16 May, 1943, on his return trip to Salisbury, his terminal station, he relieved the regular bus driver. While so doing he had a collision with another vehicle and suffered serious injury.

The Industrial Commission found the facts and concluded that the claimant suffered an injury which arose out of and in the course of his employment and awarded compensation. Defendants entered a number of exceptions and appealed.

When the cause came on for hearing in the court below the trial judge "approved and affirmed" "the findings of fact, conclusions of law and the award of the North Carolina Industrial Commission." Judgment was entered accordingly and defendants appealed.

*Proctor & Dameron for plaintiff, appellee.*
*Jones & Smathers for defendants, appellants.*

BARNHILL, J. The defendants excepted to the judgment in the court below. This is the only exception appearing in the record. Defendants' only assignment of error is in the following language:

"The defendants assign as error the approval and affirmation of the findings of fact and conclusions of law of the North Carolina Industrial Commission as will appear by Judgment in the record."

The exception to the judgment presents the single question, whether the facts found and admitted are sufficient to support the judgment.

*Query v. Insurance Co.,* 218 N. C., 386, 11 S. E. (2d), 139; *Wilson v. Charlotte,* 206 N. C., 856, 175 S. E., 306; *McCoy v. Trust Co.,* 204 N. C., 721, 169 S. E., 644; *Dixon v. Osborne,* 201 N. C., 489, 160 S. E., 579; *Bakery v. Insurance Co.,* 201 N. C., 816, 161 S. E., 554; *Smith v. Texas Co.,* 200 N. C., 39, 156 S. E., 160; *Clark v. Henderson,* 200 N. C., 86, 156 S. E., 144; *Mesker v. West,* 192 N. C., 230, 134 S. E., 483; *Davis v. Wallace,* 190 N. C., 543, 130 S. E., 176; *Smith v. Winston-Salem,* 189 N. C., 178, 126 S. E., 514.

It is insufficient to bring up for review the findings of fact or the evidence upon which they are based. *Vestal v. Vending Machine Co.,* 219 N. C., 468, 14 S. E. (2d), 427; *Holding v. Daniel,* 217 N. C., 473, 8 S. E. (2d), 249; *Hickory v. Catawba County,* 206 N. C., 165, 173 S. E., 56; *In re Will of Beard,* 202 N. C., 661, 163 S. E., 748; *Boyer v. Jarrell,* 180 N. C., 479, 105 S. E., 9; *Sturtevant v. Cotton Mills,* 171 N. C., 119, 87 S. E., 992.

When the only assignment of error is based on appellant's exception to the judgment and the judgment is supported by the findings of fact, the judgment will be affirmed. *Efird v. Smith,* 208 N. C., 394, 180 S. E., 581; *In re Will of Beard, supra.*

On an appeal to this Court from the judgment of the Superior Court affirming an award of the Industrial Commission, this Court may consider and pass on only the contention of the appellant that there was error in matters of law at the hearing in the Superior Court. This contention must be presented to this Court by assignments of error based on exceptions to the specific rulings of the trial judge. *Smith v. Texas Co., supra.*

Where there is a single assignment of error to several rulings of the trial court and one of them is correct, the assignment must fail. *Buie v. Kennedy,* 164 N. C., 290, 80 S. E., 445. It must stand or fall as a whole. *In re Will of Beard, supra.*

The assignment of error that the court erred in overruling the exceptions of defendants entered on their appeal from the Industrial Commission is entirely too general to fulfill the requirements of the rules of this Court. It is a broadside assignment which fails to point out or designate the particular ruling to which exception is taken. It merely invites us to make an exploratory expedition through the record to ascertain error in some one or more of the several rulings made by the court. *Vestal v. Vending Machine Co., supra.*

Findings of fact by the Commission, affirmed and approved by the judge, are binding on us when supported by evidence. It is presumed that they are correct and in accordance with the testimony and, when it is claimed that such findings are not supported by evidence, the excep-

tions and assignments of error entered in the court below must so specify. *Vestal v. Vending Machine Co., supra; Hickory v. Catawba County, supra; Efird v. Smith, supra; Smith v. Texas Co., supra; Sturtevant v. Cotton Mills, supra; Wadesboro v. Atkinson,* 107 N. C., 317; *Jordan v. Bryan,* 103 N. C., 59; *Usry v. Suit,* 91 N. C., 406.

Defendants in their brief do direct our attention to their contention there is no sufficient evidence to support the findings of fact made by the Industrial Commission. Even so, matters discussed in appellants' brief will not be considered unless presented by exception and assignment of error duly entered. *Wilson v. Charlotte, supra; Bakery v. Insurance Co., supra; Clark v. Henderson, supra.*

As we are not called upon to review the testimony to ascertain whether there is any evidence to support the findings of the Industrial Commission, this opinion does not constitute a precedent on the merits of plaintiff's claim.

The judgment below is
Affirmed.