PAUL HILL v. CHARLES M. BRITT.

(Filed 12 April, 1950.)

**Appeal and Error § 40a—**

A sole assignment of error to the signing of the judgment will not be sustained when the judgment is amply supported by the lower court's findings and conclusions of law.

APPEAL by plaintiff from *Bobbitt, J.*, at Chambers in Salisbury, N. C., 8 March, 1950. From RANDOLPH.

This is an action in which the plaintiff seeks a writ of *mandamus* to compel the appointment of three members of the Randolph County Board of Elections by the defendant, on the ground that R. A. Gaddis, Zell Brown and John G. Prevette, who were appointed to constitute the membership of said Board by the State Board of Elections in 1948, and who qualified as such, have vacated their respective offices by reason of the matters alleged in the complaint.

On the hearing below, it was made to appear that there was then pending in the Superior Court of Randolph County a suit in the nature of a proceeding in *quo warranto,* wherein the right of R. A. Gaddis, Zell

Brown and John G. Prevette to offices as members of the Randolph County Board of Elections was directly in issue.

Whereupon, the court held: (1) That this action in substance is to try the title of the above parties, and each of them, to membership on the Randolph County Board of Elections; (2) that membership on said Board is a public office as contemplated and defined by law and the sole remedy to try title to said office is by civil action in the nature of a proceedings in *quo warranto;* (3) that no action to try the title of R. A. Gaddis, Zell Brown and John G. Prevette, or any one of them, to membership on said Board, may be maintained when none of these persons is a party to the action; and (4) that under G.S. 163-13, the plaintiff has no clear legal right to compel the defendant, as Chairman, to fill the vacancy, if one exists, it being a matter of policy for the determination of the State Board of Elections, whether such vacancy be filled by the Board or by its Chairman; and that the members of the State Board of Elections, other than the defendant (Chairman) are not parties to the action.

Accordingly, the plaintiff's petition for writ of *mandamus* was denied and the action dismissed.

Plaintiff appeals and assigns error.

*Ottway Burton for plaintiff.*

*Attorney-General McMullan and Assistant Attorney-General Bruton for defendant.*

PER CURIAM. The only assignment of error is to the signing of the judgment. The judgment is amply supported by the court's findings of fact and conclusions of law, to which there is no exception. *Rader v. Coach Co.,* 225 N.C. 537, 35 S.E. 2d 609.

The judgment of the court below is

Affirmed.