KENNETH W. GLACE (EMPLOYEE) v. PILOT THROWING CO., INC. (EM-PLOYER) AND IOWA NATIONAL MUTUAL INSURANCE COMPANY (CARRIER).

(Filed 17 March, 1954.)

**1. Appeal and Error § 6c (7)—**

On further appeal to the Supreme Court from judgment of the Superior Court affirming an award of the Industrial Commission, the Supreme Court will review only such exceptive assignments of error as are properly made to the judgment of the Superior Court, and will not consider questions presented to the Superior Court by exceptive assignments of error to the award of the Industrial Commission in the absence of exception to the ruling of the Superior Court thereon.

**2. Appeal and Error § 6c (2)—**

Where on appeal from judgment of the Superior Court affirming an award of the Industrial Commission the sole exception is that the Superior Court erred in its conclusion of law and in signing the judgment, *held:* The sole question presented in the Supreme Court is whether the findings of fact supported the judgment entered in the Superior Court, and the Supreme Court is precluded from considering whether the findings of fact are supported by the evidence.

APPEAL by defendants from *Hall, Special J.,* November Term 1953 of SURRY.

Claim for compensation under Workmen's Compensation Law.

These stipulations were entered into at the commencement of the hearing by the parties: (1) The employee-employer relationship existed between the claimant and the defendant Pilot Throwing Co., Inc.; (2) all parties are subject to and bound by the provisions of the Workmen's Compensation Act; (3) the Iowa National Mutual Insurance Co. is the insurance carrier; (4) the incident giving rise to the claim occurred on 10 January 1952, and that this claim was filed with the Industrial Commission on 19 August 1952.

The essential findings of the Industrial Commission follow:

Kenneth W. Glace, the claimant, was secretary and treasurer of the Pilot Throwing Co., Inc., a commission throwster, and owned a small

number of its shares of stock. The Throwing Company had been in oper-
ation a short time, and had nine employees exclusive of the claimant.
Claimant in his position as secretary-treasurer of the corporation was
actually general manager of the company; supervising the operation and
maintenance of the machinery and participating on the same basis as a
day laborer in its every day operations; that in addition thereto, he per-
formed supervisory functions, and spent more than 75% of his working
time in the performance of actual labor in the manufacturing or throwing
process.

On 10 January 1952 the claimant, as was his custom, was engaged in
the performance of manual labor moving cases containing nylon yarn.
These cases are 22 inches on the side and 10 or 12 inches tall, depending
on the type of yarn. Each case weighed about 100 pounds. The cases
were stacked in piles on the floor. On the morning of this day claimant
had moved several cases of yarn. He had done similar work since the
business began. About 10:00 a.m. he undertook to lift a case of yarn
from the floor, which case was identical with all the other cases of yarn
he had moved. To move the case of yarn to the place where it was used
in the converting process, he had to lift it up. To lift it, he stood beside
the case with both feet on the level concrete floor; he bent straight for-
ward from the waist extending his hands forward and down, and inserting
them under the edge of the case. He then undertook to lift the case
upward. The case was no heavier than numerous other cases he had
handled in a similar manner. When he lifted the case approximately 18
inches, he felt a sudden sharp pain in the center and to the right of the
small of his back. Claimant immediately dropped the case. He had had
no prior pain or trouble with his back.

Claimant received this injury: the discs in the fourth and fifth lumbar
interspaces were herniated. These were removed by a surgical operation,
and his spine was fused from the level of the fourth lumbar vertebra to
the first sacral segment.

In the hearing before the Full Commission—all parties being repre-
sented by counsel—these admissions were made: (1) Claimant has lost no
wages as a result of the alleged injury; (2) he was engaged in the per-
formance of his duties as an employee at the time of the incident. The
opinion and award of the Full Commission states: "The sole issue is
whether or not the herniation of the claimant's intervertebral discs under
the strain of lifting the case of nylon constituted an injury by accident
within the meaning of G.S. N.C. 97-2(f)."

The Full Commission found as Fact No. 9 that the herniation of the
intervertebral discs in the claimant's spine resulted naturally and un-
avoidably from lifting the case of nylon; that this was an unusual, unan-
ticipated, and unforeseen event, not intended or designed by claimant;

that it was not an ordinary or anticipated consequence of the performance of his duties in the usual manner, and that this constituted an injury by accident arising out of and in the course of his employment by the employer.

The full Commission concluded that the claimant sustained an injury by accident arising out of and in the course of his employment on 10 January 1952 within the meaning of G.S. N.C. 97-2(f); and that he is entitled to receive the medical benefits prescribed by the Act, although entitled to no compensation because he has lost no wages. The Full Commission thereupon made an award for compensation for medical, hospital and other expenses incurred.

The defendants excepted to the finding of Fact No. 9 as not supported by any competent evidence and as based upon an erroneous conclusion of law and an erroneous interpretation of "injury" as defined in the Workmen's Compensation Act; they excepted to the conclusion as not supported by any competent evidence and as based upon an erroneous interpretation of "injury" as defined in the Act; and they further excepted to the award as not supported by any competent evidence and as contrary to law, and appealed to the Superior Court.

The Superior Court entered judgment that the findings of fact and award of the Full Commission are supported by the evidence and affirmed the award.

The defendants excepted to the judgment and appealed to the Supreme Court for that the Superior Court "erred as a matter of law in affirming the award of the Commission and for other errors to be assigned."

The Record states the ONLY EXCEPTION relates to the signing of the judgment by the judge. The only assignment of error is that the lower court erred in its conclusion of law and in signing the judgment.

*John H. Blalock for plaintiff, appellee.*
*Woltz & Barber for defendants, appellants.*

PARKER, J. The defendants excepted to the award entered by the Full Commission, and appealed to the Superior Court assigning errors as to a finding of fact and a conclusion of law. On the hearing in the court below the trial judge being of the opinion that the findings of fact and award of the Full Commission are supported by the evidence, in all respects affirmed the award. The defendants' appeal entries to the judgment in the Superior Court are that the defendants in open court except to the signing of the judgment "for that his Honor erred as a matter of law in affirming the award of the Commission and for other errors to be assigned." The defendants' sole assignment of error is that the trial judge "erred in his conclusions of law and in signing the judgment."

When an award is made by the Full Commission and an appeal is taken, the Superior Court, as an appellate court, reviews only such questions as are presented to it by exceptive assignments of errors properly made to the award. On appeal from the Superior Court's judgment affirming the award to the Supreme Court, we review only such exceptive assignments of error as are properly made to the judgment of the Superior Court alone. *Worsley v. Rendering Co., ante,* 547; *Rader v. Coach Co.,* 225 N.C. 537, 35 S.E. 2d 609--where many of our cases are cited.

The appeal entries and assignments of error by the defendants in this case do not bring up for review the findings of fact of the Full Commission, or the evidence upon which they are based. *Worsley v. Rendering Co., supra; Rader v. Coach Co., supra.* Such being the field of contest chosen by the defendants, the judgment will be affirmed, if it is supported by the findings of fact. *Worsley v. Rendering Co., supra; Rader v. Coach Co., supra.*

Defendants in their brief contend there is not sufficient evidence to support the findings of fact by the Industrial Commission that the claimant received an injury by accident within the meaning of the North Carolina Workmen's Compensation Act. The defendants have precluded us from considering this contention by failing to present it by exception and assignment of error duly entered to the judgment of the Superior Court. *Rader v. Coach Co., supra; Wilson v. Charlotte,* 206 N.C. 856, 175 S.E. 306; *Bakery v. Insurance Co.,* 201 N.C. 816, 161 S.E. 554; *Clark v. Henderson,* 200 N.C. 86, 156 S.E. 144.

The defendants' sole assignment of error presents only a general broadside exception to the judgment of the Superior Court, and under our decisions the judgment should be affirmed, if it is supported by the findings of fact. *Worsley v. Rendering Co., supra; Rader v. Coach Co., supra.*

After a review of the findings of fact made by the Full Commission and affirmed in all respects by the trial judge, it manifestly appears that the findings of fact support the judgment entered in the Superior Court.

This opinion is not a precedent on the merits of plaintiff's claim, because we have not been called upon to review the evidence upon which the findings of fact are based. *Worsley v. Rendering Co., supra; Rader v. Coach Co., supra.*

The judgment of the Superior Court is
Affirmed.