PAUL L. MUILENBURG AND WIFE, MARTHA D. MUILENBURG, v. D. O. BLEVINS, JR.

(Filed 25 May, 1955.)

**1. Appeal and Error § 6c (2) —**

> A sole exception to the judgment presents the one question as to whether the findings of fact are sufficient in law to support the judgment.

**2. Deeds § 16b—**

> The findings of fact in this case to the effect that the neighborhood in which plaintiffs' property is situated had undergone such a radical, substantial and fundamental change in character from residential to business purposes as to render the property no longer suitable or valuable for residential purposes, that the property had been zoned by the municipality for business, and that a residential restriction of the same character imposed on a lot in the same neighborhood had theretofore been declared unenforceable, *are held* to support the judgment declaring the residential restrictions null and void.

**3. Same—**

> Ordinarily, in an action to declare residential restrictions unenforceable and void because of change in conditions, it should be made to appear

whether or not the subdivision in which the property is situated was originally developed and sold under a uniform scheme or plan of development in order to determine whether or not the covenants are enforceable *inter se* by the owners of lots in the subdivision, and all persons who may have a right to enforce the covenants *inter se* or otherwise, should be made parties.

APPEAL by defendant from *Patton, Special Judge,* March Term, 1955, of MECKLENBURG.

This is an action for specific performance. An agreement, entered into by and between the parties, provided for the payment to the plaintiffs by the defendant of $1,000 upon its execution and for the payment of the balance of the agreed purchase price upon the execution and delivery of a deed to the *locus in quo,* such deed to be in fee simple and free and clear of all encumbrances as well as free from any enforceable restrictions or zoning regulations of the City of Charlotte which would prevent the property from being used for commercial purposes.

The cause came on for hearing at the March 21st Extra Civil Term of the Superior Court of Mecklenburg County. The parties waived a jury trial and agreed that his Honor, George B. Patton, holding said court, should hear the matter, find the facts, make his conclusions of law and enter judgment accordingly.

### "FINDINGS OF FACT

"1. That the plaintiffs are the owners of a lot on the southeast corner of Providence Road and Circle Avenue, as shown in and described in book 1740, page 97, in the office of the Register of Deeds for Mecklenburg County.

"2. That by deed of the Elizabeth Realty Company dated March 3, 1911, recorded in book 269, page 686, in the office of the Register of Deeds for Mecklenburg County, certain restrictions were imposed on the said lot as follows:

" 'This deed is executed and the lot herein described is conveyed upon the following conditions, to-wit: First, that the said lot shall never be owned or occupied by any person or persons of the Negro race or with Negro blood. Second, that no house shall be built upon the said lot nearer than 25 feet to the line of the said Circle Avenue. Third, that the said lot shall be used only for residence purposes. Fourth, that no house built on said lot shall cost less than $2,000 Dollars, except the necessary outhouses used in connection with the main dwelling-house.'

"That after *mesne* conveyances, the said lot was conveyed to plaintiffs by the heirs of Daisy Tickle (deceased) by deed containing the said restrictions.

"3. That approximately 44 years ago, namely in 1911, when the said restriction of the lot to usage for residential purposes was imposed, a substantial portion of the subdivision in which plaintiffs' lot was situated was outside the city limits of Charlotte; nearly two miles from downtown Charlotte, and the area, though sparsely settled, was then residential in character.

"4. That with the great growth of the City of Charlotte in the past 15 or 20 years and the extension of the city limits, Providence Road, on which the *locus in quo* is situated, became and now is one of the most heavily traveled thoroughfares in the city by buses, trucks and other vehicles; that the city limits are now from two to three miles beyond the *locus in quo* and the large population in the Myers Park, Eastover and suburban areas use the Providence Road as a principal means of ingress and egress to the Providence Road shopping area of which plaintiffs' property became and now is a part, and as a thoroughfare to the downtown business and commercial area.

"5. That within a maximum radius of 800 feet to a minimum of 50 feet but generally within a radius of 300 feet plaintiffs' property is surrounded by and adjacent to filling stations, a liquor store, barber shop, beer and soda shop, an office building, a funeral home, restaurant, a heating business, and numerous apartment houses on all sides; that beyond the 800 feet radius southerly, the Providence Road shopping area extends in a practically unbroken line for a half mile to Queens Road containing supermarkets, restaurants, offices, drug stores, beauty parlors, filling stations, etc., much like the business area of a small or medium sized town, all as set forth in detail in a map of the area attached to the complaint.

"6. That while the neighborhood in which the plaintiffs' property is situated was many years ago a residential area, because of the said great influx of business, the said neighborhood adjacent to plaintiffs' lot has undergone a radical, substantial and fundamental change in character from residential to a business character; that the plaintiffs' property is no longer suitable, useful or valuable for residential purposes but is more suitably employed and valuable for business purposes; that the value of the property for business purposes is more than twice the value for residential purposes.

"7. That plaintiffs' lot is situated in the same subdivision, neighborhood and vicinity and subject to the same general restrictions as those imposed on the lot in the case of *Elrod v. Phillips,* 214 N.C. 472, in which case the said restrictions were determined null and void and unenforceable; that since the decision in that case in 1938, the said adjacent neighborhood and the entire Providence shopping area has greatly increased in the development of many new businesses.

"8. That the City of Charlotte Zoning Board more than eight years ago, namely, in January of 1947, zoned the general area within which plaintiffs' property is situated, and more particularly the property itself, for general business purposes under the zoning classification of 'B-1.'

"9. That the plaintiffs and defendant have entered into a valid, enforceable, and binding contract for valuable consideration whereby plaintiffs agreed to sell and the defendant to purchase the said property; that the plaintiffs have made proper tender of a deed to defendant and defendant refuses to accept said deed and pay the purchase price; that the said contract is one that may be enforced and that the plaintiffs are entitled to specific performance thereof and that unless said contract is performed by defendant the plaintiffs will suffer irreparable loss and damage."

### "CONCLUSIONS OF LAW

"1. That the neighborhood and vicinity within which plaintiffs' property is situated has undergone such a fundamental, radical and substantial change as to render said property wholly unfit and unsuitable for residential purposes and that to continue said restrictions would work a great hardship upon plaintiffs and be of no benefit to other adjoining owners similarly situated.

"2. That the restrictions placed on plaintiffs' lot more than 44 years ago no longer serve the purpose for which they were imposed but are detrimental and injurious to the said property and if permitted to remain thereon will frustrate and retard the necessary development of the Providence Road business area and deny to plaintiffs the proper use and benefit of said property.

"3. That the contract between the plaintiffs and defendant is a valid and binding agreement in writing, having been entered into for valuable consideration and is enforceable at law by specific performance.

"Now, THEREFORE, upon motion of Porter B. Byrum, attorney for the plaintiffs, it is CONSIDERED, ORDERED AND ADJUDGED:

"1. That the restrictions heretofore existing upon plaintiffs' lot as set forth herein and appearing of record in the chain of title be, and said restrictions are hereby declared null and void, and the said lot may henceforth be used for any lawful purpose.

"2. That defendant be and he is hereby required to specifically perform the contract of purchase described in, and a copy of which was attached to, the complaint.

"3. That defendant be taxed with the costs of this action.

"This 29th day of March 1955."

From the judgment entered the defendant appeals, assigning error.

*Porter B. Byrum for appellees.*
*Charles B. Caudle for appellant.*

DENNY, J.   The only assignment of error on this appeal is based on an exception to the judgment.   Therefore, since no exceptions were taken to the findings of fact or the conclusions of law, the only question presented is whether the findings are sufficient in law to support the judgment. *Rader v. Coach Co.,* 225 N.C. 537, 35 S.E. 2d 609; *Fox v. Mills, Inc.,* 225 N.C. 580, 35 S.E. 2d 869; *Worsley v. Rendering Co.,* 239 N.C. 547, 80 S.E. 2d 467; *Stewart v. Duncan,* 239 N.C. 640, 80 S.E. 2d 764; *Wyatt v. Sharp,* 239 N.C. 655, 80 S.E. 2d 762; *Glace v. Throwing Co.,* 239 N.C. 668, 80 S.E. 2d 759.   The findings of fact on this record are sufficient to support the judgment entered below, and the exception thereto must be overruled.

We think, however, it might be well to make some observations with respect to actions instituted for the purpose of striking down restrictive covenants.   In the instant case there would seem to be no doubt of the character of the community in which the plaintiffs' property lies having changed radically and fundamentally from a residential to a business community since the restrictive covenants were imposed 44 years ago. This is so evident that the Zoning Board of the City of Charlotte in January 1947 zoned all the property in this immediate area, fronting on Providence Road, including the property of the plaintiffs, for business. It is said in 14 Am. Jur., Covenants, Conditions and Restrictions, section 302, page 646, *et seq.:* "A change in the character of the neighborhood which was intended to be created by restrictions has generally been held to prevent their enforcement in equity, where it is no longer possible to accomplish the purpose intended by such covenant, . . . and, owing to the changed conditions, the enforcement of the covenant would be of no benefit to the party seeking an injunction, but, on the other hand, would result in an increased value of his premises by a departure from the restrictions, or where enforcement would be inequitable," citing *Starkey v. Gardner,* 194 N.C. 74, 138 S.E. 408, 54 A.L.R. 806.

According to the affidavits submitted in the hearing below, the neighborhood in which the property of the plaintiffs is located has changed to the extent that plaintiffs' property is relatively valueless as residential property and, on the contrary, has become useful and very valuable for business purposes.   An apartment house is located on the lot adjacent to the plaintiffs' property to the east on Circle Avenue.   In this same block at the corner of Circle Avenue and Willoughby Street, according to the record, is a plumbing and heating establishment.   Adjacent to the property of the plaintiffs on the south is an apartment house,

while on the west side of Providence Road opposite plaintiffs' property the entire block is occupied by an apartment house, an office building and a filling station. Also to the south of the block in which plaintiffs' property is located and on the same side of Providence Road, 21 business establishments are located within the next five blocks. On the west side of Providence Road and within the two blocks immediately to the north of plaintiffs' property, an ABC store, a beer and soda shop, a barber shop and four apartment houses are located. A filling station is located within the subdivision in the block immediately south of plaintiffs' property on the east side of Providence Road, and a restaurant and funeral home on the opposite side of the Road.

While it is true that under our decisions the construction of an apartment house is permissible under restrictions limiting the use of property for residential purposes only, *De Laney v. Van Ness*, 193 N.C. 721, 138 S.E. 28, 57 A.L.R. 238, it is becoming a rather general practice to exclude apartment houses from restricted residential areas.

In light of the facts found by the court below, which findings are supported by ample evidence, and our decision in *Elrod v. Phillips*, 214 N.C. 472, 199 S.E. 722, it would seem these litigants are entitled to the relief granted. Even so, in an action brought for the purpose of having restrictive covenants in a deed declared null and void, it should be made to appear in the hearing in the Superior Court whether or not the subdivision in which the property involved is a part, was originally developed and sold under a uniform scheme or plan of development which required the restrictive covenants to be inserted in all deeds for the benefit of all owners of property within the development. This information is necessary in order to determine whether or not such covenants are enforceable *inter se.* *Maples v. Horton*, 239 N.C. 394, 80 S.E. 2d 38; *Higdon v. Jaffa*, 231 N.C. 242, 56 S.E. 2d 661; *Vernon v. Realty Co.*, 226 N.C. 58, 36 S.E. 2d 710; *Johnston v. Garrett*, 190 N.C. 835, 130 S.E. 835; *Homes Co. v. Falls*, 184 N.C. 426, 115 S.E. 184; *Stephens Co. v. Homes Co.*, 181 N.C. 335, 107 S.E. 233. Ordinarily, unless it affirmatively appears that the property involved was not sold pursuant to a general scheme or plan of development, and the restrictive covenants were not inserted in all the deeds for the benefit of the owners of property within the development, *Maples v. Horton, supra; Phillips v. Wearn*, 226 N.C. 290, 37 S.E. 2d 895; *Humphrey v. Beall*, 215 N.C. 15, 200 S.E. 918; *Davis v. Robinson*, 189 N.C. 589, 127 S.E. 697; *Snyder v. Heath*, 185 N.C. 362, 117 S.E. 294, the cause will be remanded to the end that those parties who may have the right to enforce the covenants *inter se* or otherwise, may be made parties to the action. *Sheets v. Dillon*, 221 N.C. 426, 20 S.E. 2d 344. But in view of the facts found herein and our former decision in *Elrod v. Phillips, supra,* in which this

Court approved the nullification of similar restrictions to property in this subdivision, the judgment of the court below will be upheld.

Affirmed.