D. A. BYRD AND WIFE, VERA W. BYRD, v. M. B. THOMPSON, SR., AND WIFE, DELACY THOMPSON.

(Filed 14 December, 1955.)

**1. Partition § 4g (3)—**

Where actual partition has been ordered, whether the tracts as divided by the commissioners are unequal in value or fair and equitable is a question of fact determinable by the Superior Court on appeal, and its order confirming the report will not be disturbed when the judgment is supported by the findings and the findings are supported by the evidence.

**2. Appeal and Error § 6c (2)—**

A sole exception to the signing of the judgment presents only whether the facts found support the judgment.

**3. Partition § 4g (1)—**

Where, in the actual division of land between two tenants in common, there is a difference in the value of the two tracts, the person to whom is allotted the more valuable tract should pay to the other only one-half the difference in the value.

APPEAL by defendants from *Gwyn, J.,* Resident Judge of the 17th Judicial District, heard 24 September, 1955, in Chambers in Reidsville, N. C., from CASWELL.

Partition proceedings relating to a tract of land in Caswell County, containing 131.62 acres, owned in fee simple, each having an undivided one-half interest, by plaintiff D. A. Byrd and by defendant M. B. Thompson, Sr. In their respective pleadings, plaintiffs petitioned that the land be sold but defendants insisted that actual partition be made. In proceedings not relevant to this appeal, the question of fact thus raised was resolved in favor of defendants.

Pursuant to proper orders, the land was surveyed and divided by commissioners into two tracts. The commissioners allotted tract #1, containing 56.15 acres, valued at $2,850.00, to defendants, and allotted tract #2, containing 75.47 acres, valued at $3,000.00, to plaintiffs. To *equalize,* tract #2 was charged with $150.00, to be paid by plaintiffs to defendants.

Defendants excepted to the commissioners' report. Upon hearing, the clerk overruled defendants' exceptions and approved the commissioners' report, finding specific facts as to the character of the land and that the division made by the commissioners was "fair, just and equitable." Defendants excepted to the clerk's order and appealed. Upon appeal, in a hearing before Judge Gwyn, plaintiffs and defendants offered conflicting evidence as to the value of tract #1 and of tract #2.

Judge Gwyn's order, from which this appeal is taken, in part, provides: "After hearing the evidence offered by all parties, after considering the plats, the division made, the locations and values of both tracts, and the report of the Commissioners, the Court finds that the facts as set forth in the order of the Clerk of the Court, dated September 10, 1955, in this cause are true and correct, and is of the opinion that a just, fair and reasonable division of the lands has been made between the plaintiff and the defendant and should be upheld and confirmed." Further provisions of Judge Gwyn's order overrule defendants' exceptions and approve and confirm both the commissioners' report and the clerk's order.

Defendants excepted "to the foregoing order and the signing thereof" and appealed. Defendants' assignments of error are based solely on this exception.

*D. Emerson Scarborough for plaintiffs, appellees.*

*W. D. Barrett for defendants, appellants.*

BOBBITT, J. Defendants' brief contains no argument and cites no authority relating to an error of law. It relates solely to their contention that the division made by the commissioners was unequal, adverse to them.

Whether the division was unequal or fair and equitable, was a question of fact determinable by Judge Gwyn. *McMillan v. McMillan,* 123 N.C. 577, 31 S.E. 729; *Fisher v. Toxaway Co.,* 171 N.C. 547, 88 S.E. 887.

There are no exceptions to the findings of fact. Defendants' sole exceptive assignment of error is to the signing of the judgment. Thus, the only question presented is whether the facts found support the judgment. *Scarboro v. Insurance Co.,* 242 N.C. 444, 88 S.E. 2d 133. But aside from defendants' failure to present for decision the only question they now argue, it appears there was evidence before Judge Gwyn amply sufficient to support his findings; and the findings made fully support the judgment.

The respective values of tract #1 ($2,850.00) and tract #2 ($3,000.00) having been established, in order to *equalize,* the owelty charged against tract #2 should be $75.00 rather than $150.00. This being an obvious error in calculation, the commissioners' report and the orders confirming such report should be modified so as to make this correction. It is so ordered.

Modified and affirmed.