## FAYE G. BISHOP v. FRANTZ S. BISHOP.

(Filed 27 February, 1957.)

**1. Appeal and Error § 19—**

An appeal is itself an exception to the judgment and presents for review whether the facts found support the judgment.

**2. Divorce and Alimony § 20 ½ : Husband and Wife § 12d—**

Provisions in a deed of separation for support of the minor children of the marriage, entered as a consent judgment by the court, cannot deprive the Superior Court of its inherent and statutory authority to protect the interests and provide for the welfare of the infants, and therefore judgment increasing the allowance for the minor children upon findings of change of circumstances warranting such increase, will be affirmed.

APPEAL by defendant from *Froneberger, J.,* September Term 1956 of TRANSYLVANIA.

This action was instituted on 11 September 1954 for alimony without divorce and for custody of children. The plaintiff filed her duly verified complaint alleging that the plaintiff and defendant were married on 8 March 1941; that to the marriage two children were born, namely, Robert Bishop, age ten, and Nancy Bishop, age four. The plaintiff prayed for reasonable subsistence as provided in G.S. 50-16 for herself and her minor children and for the sole and exclusive custody of the children.

The defendant filed his verified answer denying the pertinent allegations in the complaint.

Thereafter, on 22 September 1954, the plaintiff and the defendant entered into a separation agreement in which a full and complete property settlement was made between the parties. The home in which the parties had theretofore lived was owned by them as tenants by the

entireties. The plaintiff, pursuant to the terms of the separation agreement, paid the defendant $4,000 for his interest in the home, and the defendant duly conveyed his interest therein to the plaintiff. The agreement further provided for the defendant to pay to the plaintiff for the support of the minor children born of the marriage, the sum of $80.00 per month, payable in installments of $40.00 on the 1st and 15th of each calendar month thereafter, beginning with 1 October 1954. It was further agreed that the plaintiff should have complete and sole custody of Robert and Nancy Bishop, provided, the defendant should have certain visitation rights wherever the children might be located.

On 20 December 1954, his Honor R. Lee Whitmire, a Special Judge of the Superior Court, residing in the Eighteenth Judicial District, entered a consent judgment to the effect that "it appearing to the court that all matters and things in controversy between the plaintiff and the defendant in this action have been settled and compromised by the execution of a separation agreement . . . it is, therefore, ordered, adjudged and decreed that said separation agreement . . . be and hereby is the judgment of this court in this action." The cause was retained as to the custody of the minor children.

The plaintiff, through her attorney, filed a verified motion in the cause in August 1956 in which she stated, among other things, that the amount agreed upon for the support of the defendant's minor children took into consideration the fact that she was employed as a school teacher in the public school system of Transylvania County and earning a salary therefrom, and was also based on other conditions then existing. That in May 1956 the plaintiff was informed that her services as a teacher would be terminated at the end of the 1955-1956 school year, and her employment was so terminated in June 1956. That the plaintiff holds only a "B" teaching certificate and cannot obtain work elsewhere without additional training, which would require her to go back to college and qualify for an acceptable teacher rating or be unable to earn a livelihood in the future. The plaintiff further stated in her motion that since she would be without income for the ensuing year and could not support her children on the amount contributed by the defendant, she prayed for an increase to $30.00 per week for the support of the children for the period plaintiff would be unemployed.

The defendant filed an answer and the matter was heard before his Honor, at the September Term 1956 of the Superior Court of Transylvania County. The court found as a fact "that the plaintiff has lost her job and must attend college for the ensuing nine months in order to reinstate her teaching certificate, and that there is therefore a material change in condition of the plaintiff and said minor children." The court further found as a fact that "the plaintiff is attending college in the State of South Carolina and has both the children with her, where

they expect to remain at least until June 1957." Whereupon, the court entered an order in pertinent part as follows: "that to and including the month of June 1957, the payments required of the defendant for the support of his minor children be and are hereby increased to the sum of $100.00 per month commencing with the month of September 1956, and that after the month of June 1957, said payments shall revert to $80.00 per month during the remaining minority of said minor children or until further orders of this court."

From the judgment entered, the defendant appeals, assigning error.

*J. Y. Jordan, Jr., and Williams & Williams for plaintiff.*
*Redden & Redden and Thomas R. Eller, Jr., for defendant.*

DENNY, J. The defendant did not request the court to find the facts, or except to the findings made by it. *Hardee v. Mitchell,* 230 N.C. 40, 51 S.E. 2d 884. In fact, no exception was entered at the hearing below. However, the appeal itself constitutes an exception to the judgment. *Cannon v. Wilmington,* 242 N.C. 711, 89 S.E. 2d 595; *Barnette v. Woody,* 242 N.C. 424, 88 S.E. 2d 223; *Gibson v. Insurance Co.,* 232 N.C. 712, 62 S.E. 2d 320. Therefore, the only question presented is whether the facts found are sufficient to support the judgment. *Byrd v. Thompson,* 243 N.C. 271, 90 S.E. 2d 394; *Scarboro v. Insurance Co.,* 242 N.C. 444, 88 S.E. 2d 133; *Muilenburg v. Blevins,* 242 N.C. 271, 87 S.E. 2d 493; *James v. Pretlow,* 242 N.C. 102, 86 S.E. 2d 759; *Glace v. Throwing Co.,* 239 N.C. 668, 80 S.E. 2d 759. Other questions argued in the appellant's brief are not presented for decision.

In the case of *Story v. Story,* 221 N.C. 114, 19 S.E. 2d 136, the action was for divorce. In September 1938, before the cause was heard on its merits, the court entered a consent order requiring the plaintiff, the father of the child of the marriage, to pay into the office of the Clerk of the Superior Court $25.00 per month for the support of the defendant and the child and awarding the custody of the child to the defendant. During the same term of court, judgment of divorce absolute was entered. In August 1941 the defendant made a motion in the cause for an increased allowance for the support of the infant child. An order was so entered. The plaintiff appealed therefrom on the ground that the original order was by consent and not subject to modification by the court. On appeal, this Court said: "No agreement or contract between husband and wife will serve to deprive the court of its inherent as well as statutory authority to protect the interests and provide for the welfare of infants. They may bind themselves by separate agreement or by a consent judgment; *In re Albertson,* 205 N.C. 742, 172 S.E. 411; *Morris v. Patterson,* 180 N.C. 484, 105 S.E. 25; *Webster v. Webster,* 213 N.C. 135, 195 S.E. 362; but they cannot thus withdraw

children of the marriage from the protective custody of the court. . . . In such case the welfare of the child is the paramount consideration to which even parental love must yield, and the court will not suffer its authority in this regard to be either withdrawn or curtailed by any act of the parties.

"Hence, even if we accept the contention of the plaintiff that the order constitutes a judgment by consent, the court below had full jurisdiction to hear the matter on the motion of the defendant and to make the order from which plaintiff appeals."

Ordinarily, in entering a judgment for the support of a minor child or children, the ability to pay as well as the needs of such child or children will be taken into consideration. Such decree is subject to alteration upon a change of circumstances affecting the welfare of the child or children. G.S. 50-13; *Griffin v. Griffin,* 237 N.C. 404, 75 S.E. 2d 133; *Hardee v. Mitchell, supra; Story v. Story, supra.*

We think the facts found by the court below are sufficient to show such change in the temporary financial circumstances of the plaintiff as to justify the inference that the welfare of the defendant's minor children has been affected thereby, and that such facts are sufficient to sustain the order for the temporary increase of the amount allowed for the support of these minor children. 17 Am. Jur., Divorce and Separation, section 703, page 534; 27 C.J.S., Divorce and Separation, section 322, page 1235, *et seq.*

The order of the court below will be upheld.

Affirmed.