Civil action to enjoin the erection of an apartment-house on defendant's lot as being in violation of restrictive covenants contained in deeds conveying said property.
The fact situation is as follows:
1. The plaintiff owns a lot of land in the city of Charlotte, situate on Wriston Avenue, and the defendant is the owner of a lot located on East Morehead Avenue. The two lots are a couple of blocks apart. Both lots were originally owned by the Charlotte Consolidated Construction Company.
2. The defendant holds title to her lot under a deed containing certain restrictive covenants, which run with the land, and among which appears the following:
"The lot of land hereby conveyed shall be used for residential purposes only, and not otherwise, and shall be owned, occupied and used only by members of the white race (domestic servants in the employ of said occupants excepted); and there shall not at any one time be more than one residence or dwelling-house on said lot (servants' houses excepted), which residence or dwelling shall be of the type commonly known as a `one-family dwelling.'"
3. It is alleged that a number of lots in the vicinity of defendant's property have been conveyed with similar restrictions, but it is not alleged that such deeds were executed in pursuance of a general plan or scheme. It does not appear that plaintiff's lot is so restricted.
4. The defendant proposes to erect on her property an apartment-house "containing a great number of apartments," which plaintiff seeks to enjoin as violative of the covenant above set out.
5. In the finding of facts made by the trial court, it appears that an eight-story apartment-house, containing eighty apartments, has been constructed on a lot immediately adjacent to defendant's property, as well as a number of individual garages and a filling station, which have been in use for more than two years; that the Charlotte Women's Club has been erected within 500 feet of defendant's lot; that the Addison Apartment House and a filling station stand within 200 feet, and adjacent to said filling station, three stores have been erected, two of which are occupied by merchants, the third being vacant, and a few hundred feet away the Domestic Laundry Building has been erected for use as a laundry; and that another apartment-house and a church are to be built on lots about 300 feet distant from defendant's property.
6. It was further found by the trial court that the character of the community has been essentially and fundamentally changed by the expansion of the city and the spread of industry, and that the restrictions *Page 305 
above mentioned have been so universally disregarded as to indicate a purpose and intention on the part of the residents of the immediate community no longer to regard it as an exclusive residential section, making it undesirable and unprofitable to insist upon said restrictions being observed. The court further found as a fact that it would be inequitable and unjust to require the defendant longer to observe said restrictions, and dismissed the temporary restraining order originally entered in the cause. Plaintiff appeals, assigning error.
after stating the case: It may be doubted as to whether the plaintiff has alleged or shown facts sufficient to entitle him to insist upon an observance of the restrictions contained in deeds going to make up the defendant's paper chain of title, even if such restrictions were still subsisting and enforceable; but, however this may be, we think the case is controlled by the decision in Higgins v. Hough, 195 N.C. 652,143 S.E. 212. There, it was said with respect to a lot in the same locality, that similar or identical restrictions, by reason of the changed conditions, are no longer enforceable in equity. The judgment will be affirmed on authority of the Higgins case, which followsStarkey v. Gardner, 194 N.C. 74, 138 S.E. 408.
Affirmed.