On 28 February, 1901, the Piedmont Realty Company conveyed to James O. Gardner and wife lots Nos. 8, 9, and 10, in Block 4, as shown on the map of Piedmont Park. The property fronts on Central Avenue at the intersection of Louise Avenue and Tenth Street. The deed to Gardner contains certain restrictive convenants to the effect "that no owner of said real estate shall at any time hereafter erect upon said real estate any structure except a dwelling-house, . . . and no owner . . . shall permit any building erected thereon to be used for other purpose than dwelling and necessary outhouses."
On 26 November, 1921, Gardner and wife conveyed the property to the trustees of Charlotte District Conference of the Western North Carolina Conference of the Methodist Episcopal Church, South, free of all conditions and restrictions, subject, however, to the following trust: "In trust that such premises shall be held, kept, maintained, and disposed of as a place of residence for the use and occupancy of the preachers of the Methodist Episcopal Church, South," etc.
There was evidence that the Piedmont Realty Company was dissolved on 7 April, 1900, and that since said property was conveyed to the plaintiffs "the character and surroundings in the neighborhood of plaintiffs' lots have changed to such an extent that the said lots of *Page 627 
plaintiffs are no longer suitable solely for residence purposes; that the said lots are situated upon and face Central Avenue and Tenth Street, which are two of the principal streets in the city of Charlotte, and the streets have been paved and are now heavily traveled by automobiles, trucks and busses, and Central Avenue is now a State highway leading from Charlotte to Raleigh; that when the Piedmont Realty Company began the development of the said property more than 30 years ago, the whole of said tract lay outside of the corporate limits of the city of Charlotte, and far beyond the business district of said city; that since that time the corporate limits of the city have been so extended that they not only take in all of said tract, but extend far beyond the remotest part of it; that said property is now and has been for more than 20 years an integral part of the city of Charlotte; that filling stations, drug stores, and grocery stores have sprung up directly opposite the plaintiffs' property on Central Avenue, and also across from said property on Tenth Street; that a high school has been built only two blocks away from said plaintiffs' property; that stores, shops, filling stations, and other businesses are being operated across the streets from said plaintiffs' property, and the indications point to an increase in number of such places of business, and a further and rapid development of a business center near the plaintiffs' property," etc.
The defendant owned a lot in Myers Park and agreed in writing to sell his lot to the plaintiffs and to take a deed for plaintiffs' property in part payment thereof, provided the plaintiffs could give him a deed free of the restrictions.
The plaintiffs tendered a deed to the defendant free of restrictions, but he declined to accept the same upon the ground that the plaintiffs could not deliver a deed free of restrictions.
Thereupon the plaintiffs instituted this action to compel the defendant to convey to them the Myers Park lot and to accept a deed free of restrictions for the Central Avenue property. Jury trial was waived and the judge found the facts substantially as hereinbefore mentioned. It was further found "that the changes heretofore enumerated in the use of the property in the subdivision known as Piedmont Park and in the vicinity of the plaintiffs' property and in the growth and development of the city of Charlotte and the increase of the volume of travel and business and other nonresidential uses of property in close proximity to the section in which the plaintiffs' property is located have radically changed the fundamental character of the plaintiffs' property and the property in the vicinity thereof from residential to commercial property, and have rendered the plaintiffs' lots and the other property in the vicinity thereof wholly unfit and unsuitable for use for residential purposes and more suitable for business purposes." *Page 628 
Upon such findings, supported by evidence, it was adjudged that the defendant accept the deed which the plaintiffs have tendered, "and that the said lots be conveyed to said defendant free of any and all conditions or restrictions, and free of any trust." It was further adjudged that the defendant execute and deliver to the plaintiffs a good and sufficient deed of proper warranty to the Myers Park property owned by him.
From the foregoing judgment the defendant appealed.
The judgment and findings of fact present the question as to whether the case at bar is to be determined by the principle applied in Starkey v.Gardner, 194 N.C. 74, 138 S.E. 408, or McLeskey v. Heinlein, 200 N.C. 290,156 S.E. 489.
The Court is of the opinion, and so adjudges, that Starkey v. Gardner,supra, is determinative, and the judgment as rendered is approved.
Affirmed.