W. H. BASS, JR., ET AL. v. W. MYERS HUNTER.

(Filed 22 November, 1939.)

**Deeds § 16—Findings, supported by evidence, held to warrant judgment that restrictive covenants were no longer enforceable inter se.**

Findings, supported by evidence, that the character of the development in which the parties owned lots derived from a common source of title by deeds containing covenants restricting the use of the said lots to residential purposes, had undergone such a substantial and fundamental change as to render the enforcement of the restrictions unjust and inequitable, supports the judgment of the court that the restrictions were no longer enforceable, and denying the injunctive relief sought.

APPEAL by plaintiffs from *Johnston, Special Judge,* at October Term, 1939, of MECKLENBURG.

Civil action to enjoin erection of filling station or automobile service station on defendant's lot in "Cottage Place," city of Charlotte, as violative of restrictive covenants in deeds conveying said property.

The essential facts follow:

1. Plaintiffs are the owners of Lot No. 18, Cottage Place, as shown on map duly recorded, etc., and the defendant is the owner of the southerly half of Lot No. 1, said development. Plaintiffs and defendant derive title from a common source, and the action is to enforce restrictive covenants *inter se.*

2. Deeds to both lots contain restrictive covenants "running with the land," among which is one providing that said lots "shall be used for residential purposes only."

3. After making detailed findings, the court concluded as a fact "that as a consequence of the influx of business in proximity to and thickly surrounding defendant's lot, the value of the said lot as business property is at least 100% more than its value as residential property; that the said community has, during the past ten years, undergone a substantial and fundamental change in its character; that the restrictions placed on defendant's lot more than 26 years ago are of no value to the defendant; and that they operate as a distinct hardship upon the defendant on account of the encroachment of business houses surrounding said lot."

COWARD *v.* COWARD.

From judgment denying the injunctive relief sought and holding that the restrictive covenants on defendant's lot are no longer enforceable because the character of the surrounding territory or neighborhood has undergone a substantial and fundamental change, the plaintiffs appeal, assigning error.

*John James, Jr., for plaintiffs, appellants.*
*Clayton L. Burwell for defendant, appellee.*

STACY, C. J. The question for decision is whether the restrictions in defendant's paper chain of title are enforceable under the rule applied in *Johnston v. Garrett,* 190 N. C., 835, 130 S. E., 835, and *McLeskey v. Heinlein,* 200 N. C., 290, 156 S. E., 489, or unenforceable according to the principle announced in *Starkey v. Gardner,* 194 N. C., 74, 138 S. E., 408, 54 A. L. R., 806; *Higgins v. Hough,* 195 N. C., 652, 143 S. E., 212; *Stroupe v. Truesdell,* 196 N. C., 303, 145 S. E., 925; *Snyder v. Caldwell,* 207 N. C., 626, 178 S. E., 83; *Elrod v. Phillips,* 214 N. C., 472, 199 S. E., 722.

We think the case is controlled by the decisions in the latter line. Indeed, it is patterned after the *Elrod case, supra,* which involved a lot in the same vicinity though not in the same subdivision. The findings are supported by the evidence, and the court's conclusion is a *sequitur* under the applicable decisions. Annotations: 85 A. L. R., 985; 54 A. L. R., 812. See, also, as obliquely pertinent, the case of *Humphrey v. Beall,* 215 N. C., 15, 200 S. E., 918.

Affirmed.