BESS A. LOGAN, PLAINTIFF v. JOHN A. SPRINKLE AND WIFE, BESSIE L. SPRINKLE; ELSIE S. LEAKE AND HUSBAND, H. H. LEAKE; FRANCES S. KING AND HUSBAND, ALLAN H. KING; AND ETHEL G. SPRINKLE, ORIGINAL DEFENDANTS AND LOUIS C. BARNES AND WIFE, ALEE H. BARNES, ADDITIONAL DEFENDANTS.

(Filed 13 December, 1961.)

1. Appeal and Error § 22—

A sole exception to the findings of fact, conclusions of law and judgment, without any particular exception to any specific finding, presents for

review only whether the court's conclusions of law are supported by its findings.

**2. Appeal and Error § 19—**

An assignment of error not supported by an exception duly appearing in the record will not be considered.

**3. Appeal and Error § 21—**

An appeal itself constitutes an exception to the judgment and presents for decision whether the facts found support the judgment.

**4. Appeal and Error § 22—**

In the absence of a request for a particular finding of fact, appellant may not object to the failure of the court to find such fact.

**5. Deeds § 19—**

Where the owner of a development sells one of the eight lots therein subject to residential restrictions and thereafter conveys six of the lots subject to the residential restrictions with the exception that the purchaser of the six lots might construct a motel thereon, *held*, a motel is a commercial purpose which violates the residential restrictions, and the owner, by abandoning the general scheme of development for residential purposes, waives the right as against the purchaser of the one lot to enforce the restrictions.

**6. Same—**

Where the owner of a subdivision abandons the scheme of residential development as to a particular part thereof and thereafter the character of that particular part as well as the character of the adjacent land outside the development, is changed from residential to commercial purposes, other grantees of lots in the subdivision may not enforce the restrictive covenants against a grantee of a lot in that particular part, and the court properly considers the change in condition in the immediate area within as well as without the development in determining the rights of the grantees to enforce the covenants *inter se*.

APPEAL by original defendants from *Fountain, J.*, 19 June Term 1961 of FORSYTH.

This is an action to have restrictive covenants contained in plaintiff's deed declared null and void, and to enjoin the original defendants, who are appellants herein, from interfering with the plaintiff's unrestricted use of her property.

The parties waived a jury trial and agreed that his Honor, George M. Fountain, Judge Presiding, should consider an agreed statement of facts prepared by counsel for plaintiff and defendants, and "that the trial judge may arrive at his conclusions of law by these facts and render judgment thereon."

The agreed statement of facts and the facts found by the court below may be summarized as follows:

That prior to September 1954, the original defendants, John A. Sprinkle, Elsie S. Leake, Frances S. King, and Ethel G. Sprinkle, owned a tract of land in Forsyth County, northwest of the City of Winston-Salem. The land consists of a single triangular block which fronts on the southwest side of North Carolina Highway No. 67, and is bounded on the west by Valley Road and partially on the south and east by an unnamed thirty-foot street. During September 1954, the original defendants conveyed a portion of this tract of land to Nell M. Freeman, which deed is recorded in Deed Book 694, at page 62, in the office of the Register of Deeds of Forsyth County, North Carolina. Later, a map of this triangular block was prepared by a surveyor, dividing the block into eight lots and designating the subdivision as Beacon Hill, Section 1. This map is dated 4 November 1954 and is recorded in Plat Book 17, page 97, in the office of the Register of Deeds of Forsyth County.

That the deeds to the land in controversy did not describe the same by lot number or by reference to any map or plat, but the land described in the deeds is in all respects the same property as Lot No. 7 as shown on the plat of Beacon Hill, Section 1. The deed from the original defendants to Nell M. Freeman, the *mesne* conveyances, including plaintiff's deed dated 20 September 1955 and recorded in Deed Book 727, page 24, in the Forsyth County Registry, according to the agreed statement of facts all contain the following pertinent covenants: "(1) That the property shall be used solely for residential purposes; * * * (5) that only one dwelling shall be erected on said property."

That on 2 September 1955, the original defendants sold Lots Nos. 1 through 6 inclusive to Louis C. Barnes and wife, Alee H. Barnes, who were made additional parties defendant upon motion of the plaintiff. The deed conveying title to these six lots contained the same restrictive covenants set out hereinabove, with the additional proviso, "That said property shall be used for residential purposes, except such portion as may be used for a motel or a motor court with proper additions and facilities."

That the additional defendants, Louis C. Barnes and wife, Alee H. Barnes, entered upon the premises and constructed a multi-unit motel on these lots which they are now operating. There is no building in Section 1 of Beacon Hill except the motel on the property of the additional defendants.

That Lots Nos. 1 through 6 have a frontage of 723.0 feet on North Carolina Highway No. 67; that Lot No. 7 has a frontage of 155.75 feet on said highway and a frontage of 135.15 feet on Valley Road; that Lot No. 8 has no frontage on Highway 67 and lies to the rear of

Lots 4, 5, 6 and a portion of Lot No. 3, having a frontage of 350.9 feet on Valley Road.

That the motel of the defendants, Louis C. Barnes and wife, Alee H. Barnes, was one of the first businesses to be constructed along North Carolina Highway No. 67 in the vicinity of Beacon Hill, Section 1; that at approximately the same time the motel was constructed other businesses began to move into the area of Section 1, Beacon Hill, along North Carolina Highway No. 67; that businesses have continued to move into the area up to the present time, and now a majority of the property in the vicinity of Beacon Hill, Section 1, and fronting on North Carolina Highway No. 67, is being used for business; that a garage is now located across the highway from Lot No. 7 in Beacon Hill; that opposite the motel, located in Section 1, Beacon Hill, is a new business building now under construction, a nursery business is being operated near the garage across the street or road from the motel, and immediately west of Beacon Hill, Section 1, there is located a small shopping center containing numerous businesses as shown on a map, plaintiff's Exhibit No. 2. (Plaintiff's Exhibit No. 2 shows the location of nine business establishments on North Carolina Highway No. 67 and two on Valley Road which are located nearer to Lot No. 7 than any residence. In the immediate vicinity of Lot No. 7, plaintiff's exhibit shows the location of 26 business properties and only six houses, presumably residences.)

That at the time the original defendants conveyed the land now designated as Lot No. 7, as shown on the map of Beacon Hill, Section 1, to Nell M. Freeman in September 1954, it was the plan and intention of said original defendants to cut the property shown as Section 1, Beacon Hill, into lots and to restrict the property to residential use; that Lots Nos. 1 through 6 inclusive were thereafter sold by the original defendants to the additional defendants and the deed thereto did not restrict said six lots to residential use only but specifically authorized and permitted the construction of a motel with proper additions and facilities on said six lots; that the original plan of the defendants, other than the additional defendants, to restrict Beacon Hill, Section 1, to residential use only has been abandoned by said defendants by permitting the construction of a motel on six of the eight lots in the subdivision and by the failure to restrict any lot in the development to residential use other than Lot No. 7.

That Lot No. 7 of Beacon Hill, Section 1, is now undesirable for residential use and that said Lot No. 7 has a fair market value for residential use of approximately $1,000.00; that said lot is suitable for business use, fronts a highway, and has a fair market value of approximately $5,000.00 for business use; that the plaintiff has negotiated

a sale of the property for business use subject to the removal of the restrictions concerning residential use and the plaintiff proposes to sell Lot No. 7 to other parties to be used by them for business purposes.

That the plaintiff has heretofore requested, and in this action demands that the defendants release Lot No. 7 of Beacon Hill, Section 1, from the restrictive covenants set out and recorded in Deed Book 694, page 62, Forsyth County Registry, and the defendants have refused to release said restrictions.

Upon the foregoing findings of fact the court made the following conclusions of law:

"That Section 1 of Beacon Hill as shown on Exhibit 1 and as recorded in Plat Book 17, page 97, Forsyth County Registry, was intended by the defendants, other than the defendants Louis C. Barnes and wife, Alee H. Barnes, for residential use and it was the original intention of said defendants to restrict all of the lots in said Section 1 of Beacon Hill to residential use; that the defendants, other than the defendants Louis C. Barnes and wife, Alee H. Barnes, being the developers of the property, have abandoned their original plan for residential use by failing to restrict any other lots in the development to residential use.

"That the area along N. C. Highway 67 and in the vicinity of Section 1. Beacon Hill and in the vicinity of the plaintiff's property was vacant at the time the restrictions were placed on the property by the defendants, other than the defendants Louis C. Barnes and wife, Alee H. Barnes, and that the character of the neighborhood was that of vacant and residential property; that the character of the property in the same neighborhood at the present time has substantially changed and that a majority of the property in the area along N. C. Highway 67 is now business property. * * *

"That because of the abandonment of the original plan for restrictions to residential use only and because of the change in the nature of the adjoining lots in the area from residence to business use, the following restrictions as set out in the deed recorded in Deed Book 694, page 62, have been rendered inoperative, ineffective, null and void: '(1) That the property shall be used solely for residential purposes: * * * (5) that only one dwelling shall be erected on said property.' "

The court thereupon entered judgment, adjudging the foregoing restrictions to be inoperative, ineffective, null and void, and taxed the costs against the defendants.

The original defendants appeal, assigning error.

*Averitt, White & Crumpler; Leslie G. Frye for plaintiff appellee.*
*Leake & Phillips for original defendants appellant.*

DENNY, J.   The appellants assign as error (1) that the findings of fact by the court below are contrary to the agreed statement of facts filed in this case and the evidence presented at the trial thereof; (2) that the conclusions of law by the court below are contrary to the facts and the law applicable to same; (3) that the judgment declaring the restrictive covenants contained in Deed Book 694, page 62, inoperative, ineffective, null and void, is contrary to the facts of the case and the law applicable to same; and (4) that the judgment invalidates restrictive covenants and destroys property rights contrary to law and equity.

However, these assignments of error are not supported by exceptions to the findings of fact or to the conclusions of law. Not a single exception appears in the record. The appellants merely made their appeal entry in the following language: "To the findings of fact, conclusions of law, and the signing and entry of the judgment the defendants, in open court, except, and give notice of appeal to the Supreme Court."

A single exception to the findings of fact and the conclusions of law presents nothing for review except whether or not the court's conclusions of law are supported by the findings of fact. *Kovacs v. Brewer,* 245 N.C. 630, 97 S.E. 2d 96; *Travis v. Johnston,* 244 N.C. 713, 95 S.E. 2d 94; *Barnette v. Woody,* 242 N.C. 424, 88 S.E. 2d 223; *Winborne v. Stokes,* 238 N.C. 414, 78 S.E. 2d 171; *Burnsville v. Boone,* 231 N.C. 577, 58 S.E. 2d 351; *Wilson v. Robinson,* 224 N.C. 851, 32 S.E. 2d 601. Furthermore, an assignment of error unsupported by an exception duly taken and preserved, will not be considered on appeal. *Holden v. Holden,* 245 N.C. 1, 95 S.E. 2d 118; *Barnette v. Woody, supra.* However, the appeal itself constitutes an exception to the judgment and presents for decision the question whether the facts found support the judgment. *Goldsboro v. R.R.,* 246 N.C. 101, 97 S.E. 2d 486; *Bishop v. Bishop,* 245 N.C. 573, 96 S.E. 2d 721; *James v. Pretlow,* 242 N.C. 102, 86 S.E. 2d 759.

Consequently, on this appeal, we are limited to a determination as to whether or not the facts found are sufficient to support the conclusions of law and the judgment entered pursuant thereto.

The appellants contend that the court's failure to find as a fact that the restrictive covenants were in each of the deeds in the chain of title from the original defendants to the plaintiff, was a material omission of competent and necessary evidence. This contention is without merit. The agreed statement of facts contained statements to the ef-

fect that all the deeds in plaintiff's chain of title contained the same restrictive covenants that the deed from the original defendants to Nell M. Freeman contained. Even so, in the absence of a request that the court find a particular fact, appellants may not object to the failure of the court to find such fact. St. George v. Hanson, 239 N.C. 259, 78 S.E. 2d 885; Griffin v. Griffin, 237 N.C. 404, 75 S.E. 2d 133.

However, if the original defendants intended to develop the land surveyed and laid out as designated on the map or plat of Beacon Hill, Section 1, according to a general plan, restricting the lots shown therein to residential use only, they abandoned such intention when they conveyed six of the eight lots in the development to be used for the construction and operation of a motel, which is a commercial or business enterprise.

The use of a residence as a tourist home is violative of a covenant restricting the use of property to residential purposes. Deitrick v. Leadbetter, 175 Va. 170, 8 S.E. 2d 276, 127 A.L.R. 849; Carr v. Trivett, 24 Tenn. App. 308, 143 S.W. 2d 900. The erection and operation of a tourist camp violates a restriction against use of property for any purpose other than as a place of residence. Cantieny v. Boze, 209 Minn. 407, 296 N.W. 491, 173 A.L.R. 321. The construction of a motel on a lot or lots restricted to use as residential apartments is violative of such restrictive covenant. "A 'motel' cannot be regarded as an apartment house. It is a modern development of an inn or hotel, and serves transients." Parish v. Newbury (Ky.), 279 S.W. 2d 229.

Where a residential subdivision is laid out according to a general scheme or plan and all the lots sold or retained therein are subject to restrictive covenants, and the value of such development to a large extent rests upon the assurance given purchasers that they may rely upon the fact that the privacy of their homes will not be invaded by the encroachment of business, and that the essential residential nature of the property will not be destroyed, the courts will enforce the restrictions and will not permit them to be destroyed by slight departures from the original plan. Starkey v. Gardner, 194 N.C. 74, 138 S.E. 408; Vernon v. Realty Co., 226 N.C. 58, 36 S.E. 2d 710; East Side Builders v. Brown, 234 N.C. 517, 67 S.E. 2d 489.

On the other hand, when there is a general scheme for the benefit of the purchasers in a development, and then, either by permission or acquiescence, or by a long chain of violations, the property becomes so substantially changed that the whole character of the subdivision has been altered so that the whole objective for which the restrictive covenants were originally entered into must be considered at an end, then the courts will not enforce such restrictive covenants. Restrictive covenants will not be enforced merely to harass and annoy some par-

ticular person, when it is clear to the court that the objective for which the restrictive covenants were originally entered into have already failed. *Starkey v. Gardner, supra; Elrod v. Phillips,* 214 N.C. 472, 199 S.E. 722; *Snyder v. Caldwell,* 207 N.C. 626, 178 S.E. 83.

The subdivision of Beacon Hill, Section 1, was not developed according to a uniform scheme or plan for residential purposes. Therefore, cases like *Vernon v. Realty Co., supra,* and *Tull v. Doctors Building, Inc.,* 255 N.C. 23, 120 S.E. 2d 817, cited and relied upon by the appellants, are not controlling on the facts in this case. Here, the original defendants have restricted only one lot for residential purposes in the entire subdivision. But, on the contrary, they have expressly authorized lots 1 to 6 inclusive, having a frontage of 723.0 feet on North Carolina Highway No. 67, being all the frontage in the subdivision on said highway except Lot No. 7 owned by the plaintiff, to be used for business and commercial purposes. And while there is no finding of fact with respect to Lot No. 8, the only lot in the subdivision now owned by the original defendants, the evidence tends to show that Lot No. 8 is so low "it wouldn't be any account for anything, because it is a drop-off, good for nothing but maybe a fish pond."

Since the subdivision under consideration was not developed according to a general plan or scheme, the grantees of property in the subdivision have no right to enforce the restrictions in any deed to any lot therein *inter se. Maples v. Horton,* 239 N.C. 394, 80 S.E. 2d 38; *Phillips v. Wearn,* 226 N.C. 290, 37 S.E. 2d 895; *Humphrey v. Beall,* 215 N.C. 15, 200 S.E. 918. Furthermore, in light of the findings by the court below, the court had the right to consider the changed conditions in the immediate area, without as well as within the development. *Muilenburg v. Blevins,* 242 N.C. 271, 87 S.E. 2d 493; *Shuford v. Oil Co.,* 243 N.C. 636, 91 S.E. 2d 903.

Apparently, the additional defendants concluded in the trial below that they had no right to enforce the restrictive covenants in plaintiff's deed to Lot No. 7, in this subdivision, hence they did not except to the findings of fact or the conclusions of law, neither did they appeal from the judgment entered pursuant thereto.

In our opinion, the appellants waived their right to enforce the restrictive covenants in plaintiff's deed by modifying the restrictions in the deed to the additional defendants, thereby authorizing the construction and operation of a motel, which is a business enterprise. *Shuford v. Oil Co., supra.*

We hold that the facts found by the court below are sufficient to support the conclusions of law and the judgment entered.

Affirmed.