RICHARD CRATCH, W. T. CRATCH, C. D. CRATCH, HUBERT CRATCH, DANIEL CRATCH, SALLY CRATCH, JOFFREY CRATCH, CLEVE CRATCH, BLAKE CRATCH, WILLIAM CRATCH, AND BERNIE CRATCH v. PLUMMIE TAYLOR AND RUFUS PARAMORE.

(Filed 28 February, 1962.)

1. Appeal and Error § 19—

Exceptions which appear nowhere in the record except in the purported assignments of error are ineffective.

2. Appeal and Error § 21—

Even when there are no exceptions or they have not been preserved, the appeal itself will be taken as an exception to the judgment and presents for review whether the court's conclusions of law are supported by the findings of fact, and when the findings support the judgment, the judgment must be affirmed.

3. Appeal and Error § 49—

Where there are no effective exceptions to the findings of fact, it will be presumed that the findings are supported by competent evidence and are binding on appeal.

WINBORNE, C.J., not sitting.

APPEAL by plaintiffs from Paul, J., in Chambers at Washington, North Carolina, 5 August 1961. From BEAUFORT.

Plaintiffs instituted this action to remove a cloud from their alleged title to four acres of land on Blount's Creek in Beaufort County, known as Cotton Patch Landing.

The matter was referred. The plaintiffs sought to establish title by adverse possession and the referee found that they had done so. On 8 September 1958 the defendants filed a motion to re-refer the matter to the referee on the ground that the referee had failed to meet the requirements of Section 1-195 of the General Statutes of North Carolina for that the referee's purported findings of fact and conclusions of law were not stated separately as required by the above statute.

Immediately after filing the above motion on 8 September 1958, the defendants filed their exceptions to the referee's report to be considered by the court should the cause not be re-referred.

The matter came on for hearing in Chambers by his Honor, Malcolm C. Paul, Resident Judge of the Second Judicial District, who heard the matter upon consideration of the pleadings, the evidence adduced at the hearing before the referee and the exceptions filed by the defendants, and found as a fact and entered judgment as follows:

"The Referee's Finding of Fact No. 2 is overruled and set aside and the court finds as a fact that plaintiffs have failed to establish title

by adverse possession or in any other recognized manner to the premises in controversy, and the report of the Referee is modified accordingly. Upon the facts so found, the court overrules the Conclusion of Law reached by the Referee and concludes as a matter of law that plaintiffs are not the owners of the premises in controversy and that defendants have not trespassed thereon as alleged;

"IT IS THEREFORE ORDERED AND DECREED that the action be, and the same hereby is dismissed and plaintiffs taxed with the costs herein."

The plaintiffs appeal, assigning error.

*Leroy Scott and A. W. Bailey for plaintiffs.*
*Rodman & Rodman for defendants.*

PER CURIAM. The assignments of error purport to be supported by exceptions which appear nowhere in the record except in the purported assignments of error. Such exceptions are ineffective and will not be considered on appeal. *Holden v. Holden,* 245 N.C. 1, 95 S.E. 2d 118. Even so, in the absence of any exceptions, or when exceptions have not been preserved in accordance with the requirements of our Rules, the appeal will be taken as an exception to the judgment. An exception to the signing of the judgment presents nothing for review except whether or not the court's conclusion of law is supported by the finding or findings of fact; such exception does not challenge the correctness of any findings of fact. *Logan v. Sprinkle,* 256 N.C. 41, 123 S.E. 2d 209.

When no exception has been taken to a finding of fact, such finding is presumed to be supported by competent evidence and is binding on appeal. *Goldsboro v. RR.,* 246 N.C. 101, 97 S.E. 2d 486.

In this case, the finding of the court below supports the judgment and it is

Affirmed.

WINBORNE, C.J., not sitting.