IN THE MATTER OF KIRKMAN FURNITURE COMPANY, A CORPORATION, IN
    STATE COURT RECEIVERSHIP UNITED STATES OF AMERICA, APPELLANT
    v. BEN L. HERMAN, STATE COURT RECEIVER, KIRKMAN FURNITURE
    COMPANY; GUILFORD COUNTY AND THE CITY OF HIGH POINT;
    NORTH CAROLINA NATIONAL BANK (FORMERLY SECURITY NATIONAL
    BANK OF GREENSBORO); CAROLINA SPRING CORPORATION; HEN-
    LEY PAPER COMPANY; BALDWIN MANUFACTURING COMPANY;
    KAY MANUFACTURING COMPANY, AND WAGE EARNERS, APPELLEES.

(Filed 27 February 1963.)

**1. Appeal and Error § 16—**

When *certiorari* is allowed, the Supreme Court will examine the record
proper to determine whether there is error of law appearing thereon ad-
versely affecting legal rights as between appellant and appellees who
are parties to the appeal, notwithstanding that appellant has preserved
no exception or assignment of error.

**2. Appeal and Error § 60—**

Where notice of petition for *certiorari* is not served on some of the
parties and they are not parties to the appeal, the adjudication of their
rights in the lower court is the law of the case and the Supreme Court will
not undertake to determine whether there was error in the judgment
of the lower court in respect to their rights.

**3. Receivers § 12—**

R.S. 3466, 31 U.S.C.A. 191, does not create a lien upon the debtor's
property in favor of the United States but merely gives it the right to
priority of payment, which attaches upon the appointment of a voluntary
or involuntary receiver or assignment by the debtor for the benefit of
creditors, and the statute does not give the Government priority over
liens against specific property of the debtor created prior to insolvency
and prior to the filing of any notice by the collector. 26 U.S.C.A. 6323.

**4. Same—**

Where the receiver sells property subject to the lien of a deed of trust
executed by the debtor prior to insolvency, municipal and county *ad
valorem* taxes then constituting a lien against the property are properly
given priority of payment out of the proceeds of the sale, G.S. 105-376,
and then the balance due on the deed of trust should be paid prior to the
payment of Federal taxes, R.S. 3466, 31 U.S.C.A. 191, and the contention
of the United States that although the lien of the deed of trust was
prior to its claim, its claim should have priority over the county and
municipal taxes, is untenable.

PETITION for writ of *certiorari* filed in this Court by the United
States of America was allowed on 2 May 1962. The case was docketed
in the Supreme Court as No. 593 and argued at the Fall Term 1962.

This is a civil action instituted in the Municipal Court of the City
of High Point, North Carolina, and involves the general liquidating

receivership of the Kirkman Furniture Company, a North Carolina corporation formerly engaged in a manufacturing operation, having its principal place of business in High Point, Guilford County, North Carolina.

An order was entered by the judge of the Municipal Court of the City of High Point in this cause on 13 September 1960, appointing a receiver to take charge of the affairs and property of Kirkman Furniture Company for the purpose of liquidating the assets of said debtor for the satisfaction of the creditors of the said corporation.

The receiver filed a petition and report on 11 October 1960, setting forth the recorded encumbrances against the property of Kirkman Furniture Company, as found in the public Registry of Guilford County and the liens for taxes due Guilford County and the City of High Point. A mortgage in favor of Security National Bank (now North Carolina National Bank) on all the real property of the Kirkman Furniture Company was recorded on 26 November 1958, securing the sum of $10,000.00, with a balance due of $3,700.00. *Ad valorem* taxes were due Guilford County and the City of High Point for the years 1954 through 1960 in the amount of $6,906.76. The United States had filed in the office of the Register of Deeds of Guilford County federal tax liens totaling $23,870.71 during the period from 4 December 1959 through 28 July 1960. On 25 October 1960 an order was entered transferring all liens on the assets of said debtor to the proceeds of the sale thereof.

On 4 November 1960 the receiver filed a report showing that the real estate of said debtor on which the liens attached had been sold for $30,000 and the personal property was sold for $14,781.75. The sale of the real estate was confirmed by the court on 15 November 1960.

This cause came on for hearing before the court upon the petition of the receiver on 17 January 1961, stating that all of the assets of the said debtor had been liquidated; that there was a fund of $38,661.31 on hand for disbursement among the creditors of Kirkman Furniture Company; and that there were insufficient funds on hand with which to pay in full creditors holding priority claims. The receiver prayed for an order setting forth the order of priority of payment as described in the receiver's petition. All claims as hereinafter set out were listed in the petition of the receiver. On 17 January 1961, an order was entered and served on all lienholders, requiring them to show cause, if any, why an order of preference should not be entered as set out in the petition.

An order was entered on 31 January 1961 by the judge of the Municipal Court of the City of High Point, directing the receiver

to distribute the balance of the funds then in his possession and any additional funds which might come into his possession as follows:

(1) Balance due on deed of trust from Kirkman Furniture Company to North Carolina National Bank (formerly Security National Bank).

The payment of priority of No. 1 subject first to payment  of the following creditors out of the proceeds of the property on which the lien was fixed:

    (a) Wage earners, as described in order dated 17 January 1961, which amounts to approximately $1,945.18.

    (b) City of High Point and Guilford County tax liens totaling $6,906.76.

(2) Federal tax liens filed on the following dates:

| 4 December 1959 | $15,135.69 |
|---|---|
| 23 December 1959 | 279.79 |
| 10 May 1960 | 249.95 |
| 10 May 1960 | 4,463.36 |
| 5 July 1960 | 3,674.83 |

(3) Judgment in favor of Carolina Spring Corporation for $9,173.16, filed 18 July 1960.

(4) Judgment in favor of Henley Paper Company for $1,495.91, filed 27 July 1960.

(5) Federal tax lien filed 28 July 1960 in the amount of $67.09.

(6) Judgment in favor of Baldwin Manufacturing Company for $1,304.70, filed 28 July 1960.

(7) Judgment in favor of Kay Manufacturing Company for $1,055.57, filed 28 July 1960.

To this order of distribution and the signing thereof the United States of America excepted and gave notice of appeal in open court.

The appeal was heard at the January Term 1962 of the Superior Court of Guilford County, High Point Division. On 12 January 1962 the Honorable Walter E. Crissman, Judge Presiding, entered an order affirming in all respects the judgment of the Municipal Court of the City of High Point. To this order and the signing thereof the United States of America excepted and gave notice of appeal in open court.

On 19 January 1962 a motion by the United States for extension of time to file the case on appeal was filed with the Clerk of the Superior

Court of Guilford County, directed to the Honorable Walter E. Crissman. No order of extension was entered, and on 20 March 1962, notice of a motion to dismiss the appeal was served on the United States of America, setting the hearing for 27 March 1962 in the Superior Court of Guilford County, High Point Division, before the Presiding Judge, the Honorable F. Donald Phillips.

On 21 March 1962 the appellees were notified by telephone to appear in the office of the Honorable Walter E. Crissman, Resident Judge of the Superior Court, Guilford County, High Point Division, and an order was signed *nunc pro tunc*, dated 26 January 1962, extending for sixty days the time for the United States to serve its case on appeal. To this order the appellees excepted.

The motion to dismiss the appeal of the United States of America was heard on 27 March 1962, and by order dated 28 March 1962 the Honorable F. Donald Phillips, Judge Presiding at the March Term 1962 of the Superior Court of Guilford County, High Point Division, the appeal of the United States of America to this Court was dismissed.

Thereupon, the appellant herein, the United States of America, filed its petition for writ of *certiorari* in this Court and gave notice thereof to Forrest E. Campbell, one of the attorneys of record for Guilford County and the City of High Point; to Charles W. McAnally, attorney for the North Carolina National Bank, High Point, North Carolina; to Arch K. Schoch, attorney for Henley Paper Company (Mr. Schoch was appointed attorney for the receiver on 17 August 1961 and thereafter was allowed by the court below to withdraw as counsel for Henley Paper Company); and to Ben L. Herman, the receiver.

No notice of the filing of the petition for writ of *certiorari* in this Court was given to the wage earners or to any other parties to this action except to those listed above.

The petition for writ of *certiorari* filed in this Court was allowed on 2 May 1962.

*Louis F. Oberdorfer, Assistant Attorney General; Lee A. Jackson, Joseph Kovner and Fred E. Youngman, Attorneys, Department of Justice; and William H. Murdock, United States Attorney, counsel for appellant, United States of America.*

*Arch K. Schoch, attorney for Receiver, appellee.*

*Charles W. McAnally, attorney for North Carolina National Bank, appellee.*

*Forrest E. Campbell and William D. Branham, attorneys for Guilford County and the City of High Point, appellees.*

DENNY, C.J.   The appellant has preserved no exceptions entered in the court below nor has it set out any assignments of error in the record on appeal. Even so, since we allowed *certiorari*, we will examine the record proper to determine whether or not there is error of law appearing thereon adversely affecting the rights of the appellant as between it and the appellees who are parties to the appeal. *Schloss v. Jamison*, 258 N.C. 271, 128 S.E. 2d 590; *Logan v. Sprinkle*, 256 N.C. 41, 123 S.E. 2d 209; *Cratch v. Taylor*, 256 N.C. 462, 124 S.E. 2d 124; *Holden v. Holden*, 245 N.C. 1, 95 S.E. 2d 118.

Counsel who argued the case before this Court on behalf of the appellant stated to the Court that the only parties to this appeal are those on whom notice of its petition for writ of *certiorari* were served. Consequently, the only question presented for our consideration and determination is whether or not the order of distribution entered in the Municipal Court of the City of High Point and affirmed in the Superior Court of Guilford County was erroneous in any respect as between the appellant and those lienholders who are parties to this appeal. It follows, therefore, that we will not consider or undertake to determine whether or not there was error in the preference given to the claims of the wage earners entered in the Municipal Court of the City of High Point on 31 January 1961. The order with respect to the priority given to such wage earners stands unchallenged on this appeal, notwithstanding our decision in *Leggett v. College*, 234 N.C. 595, 68 S.E. 2d 263.

The Congress of the United States, in 1797, enacted a statute conferring upon the government a right of priority in payment out of the assets of an insolvent debtor of all claims due the United States. There has been no substantial change in this statute in the meantime, which is now R.S. 3466, 31 U.S.C.A. 191, the pertinent part of which reads as follows: "Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied."

"It is well settled that the priority statute does not create a lien upon the debtor's property in favor of the United States, but merely confers upon the government a right of priority in payment out of that property in the hands of the debtor's assignees or other representatives, under the conditions specified in the statute. *It follows that if, before the right of priority of the United States accrues under the statute, the debtor parts with his property, either absolutely or conditionally by way of mortgage or other liens, or involuntary liens are acquired*

*against the property, the priority of the United States does not attach to such property, and the claims of the transferee, mortgagee, or other lienee are superior to that of the United States, at least where the lien so created or acquired is a specific lien upon specific property, as contradistinguished from a general lien upon all the property of the debtor.* While the lower federal courts have followed the foregoing rule, the Supreme Court of the United States has declared that it has not yet decided whether a specific and perfected lien will be accorded priority against the United States under Revised Statutes section 3466. However, it is well settled that, even though section 3466 does not create a lien upon the debtor's property in favor of the United States, a claim of the United States within the scope of the statute is entitled to priority as against a pre-existing inchoate lien on the debtor's property. For the purposes of the federal statute, a pre-existing lien is inchoate and not specific, unless it is definite, as of the crucial time of insolvency, in at least three respects: (1) the identity of the lienor, (2) the amount of the lien, (3) and the property to which it attaches. * * *" (Emphasis added.) 29 Am. Jur., Insolvency, section 77, page 346, *et seq. Bramwell v. United States Fidelity & G. Co.,* 269 U.S. 483, 70 L. Ed. 368; *United States v. Emory,* 314 U.S. 432, 86 L. Ed. 315, 44 C.J.S., Insolvency, section 14 (b), page 374.

The priority of the United States, under the provisions of the above statute, attaches upon the appointment of a voluntary or involuntary receiver, *Gordon v. Campbell,* 329 U.S. 362, 91 L. Ed. 348, or upon the date of the debtor's assignment for the benefit of creditors, *United States v. Waddill, Holland & Flinn,* 323 U.S. 353, 89 L. Ed. 294; *United States v. Texas,* 314 U.S. 480, 86 L. Ed. 356; *Price v. United States,* 269 U.S. 492, 70 L. Ed. 373; *In re Mitchell's Restaurant* (1949 Del.), 67 A. 2d 64; *Spokane Merchants' Asso. v. State,* 15 Wash. 2d 186, 130 P 2d 373; *Surety Corp. v. Sharpe,* 236 N.C. 35, 72 S.E. 2d 109; *Bishop v. Black,* 233 N.C. 333, 64 S.E. 2d 167.

However, the right to priority of payment under the above statute does not give the government any lien or right that may be enforced "against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector" in accordance with the provisions of 26 U.S.C.A. 6323 (formerly 26 U.S.C.A. 3672).

As we construe the record before us, the debtor, Kirkman Furniture Company, conditionally parted with its title to all the real estate involved by executing a deed of trust thereon to a trustee to secure a loan of $10,000 from the North Carolina National Bank (formerly Security National Bank), which deed of trust was executed and filed of record on 26 November 1958, nearly two years prior to the appointment of the receiver in this action.

Furthermore, all the delinquent taxes now due Guilford County and the City of High Point had become a lien on the real estate of the debtor prior to the appointment of the receiver for the debtor on 13 September 1960. G.S. 105-280; G.S. 105-325; G.S. 105-340. Moreover, all taxes due Guilford County and the City of High Point had accrued and constituted a lien against the real estate of the debtor herein before any notice of taxes due the United States was filed of record in Guilford County, North Carolina, except for the year 1960.

Therefore, we hold that the taxes due Guilford County and the City of High Point constitute liens superior to the deed of trust held by the bank, G.S. 105-376, and that the lien of the bank under its deed of trust was superior to and had priority over the claims of the United States. R.S. 3466, 31 U.S.C.A. 191; 26 U.S.C.A. 6323; *United States v. Atlantic Municipal Corp.* (U.S.C.A. 5th Circ.), 212 F 2d 709; *Exchange Bank & Trust Co. et al v. Tubbs Mfg. Co.* (U.S.C.A. 5th Circ.), 246 F 2d 141; *Brent v. The Bank of Washington,* 10 Peters 596.

The appellant is not contesting the validity of the claim to priority of the North Carolina National Bank (formerly Security National Bank) over the claims of the appellant, but does contend the judgment is erroneous in that it orders the receiver to pay the taxes due Guilford County and the City of High Point as being superior and entitled to priority over the bank's deed of trust, and, therefore, prior and entitled to be paid ahead of the bank and the tax claims of the appellant.

In the case of the *United States v. Atlantic Municipal Corp., supra,* the question submitted for determination on an agreed statement of facts, was whether the district court erred in holding that, a distribution of the proceeds on all property of an insolvent taxpayer corporation, the holder of a tax lien certificate issued by the County of Orange, Florida, for 1949 *ad valorem* taxes, which became a lien on the taxpayer's real property on 1 January 1949, was entitled to priority as against income and excess profit tax claims of the United States which became a lien on 31 May 1949 and was duly filed in the public records of Orange County, Florida, on 1 June 1949. The appellant insisted " (1) that lien for lien, the tax lien of the United States primes that of the appellee and receives priority in payment, and (2) that if this is not so, the debtor being insolvent, Section 3466 accords priority in payment to debts due the United States for taxes." Among other things, the Court said: "On its part, as a conclusive answer to appellant's first claim, appellee points: to the showing in the agreed statement of facts that its claim is supported by a specific and perfected lien which primes, that is, is prior in time to, the tax lien of the United States; and to the law as most recently declared in *United States v.*

*City of New Britain*, 347 U.S. at page 85 (98 L. Ed. 520) 74 S. Ct. at page 370 * * *.

"It is also clear that appellee's second contention, that Section 3466, the debt priority statute, may not, under the agreed facts, be availed of by the United States, is equally well taken. This statute applies only as against unsecured debts, that is, debts not secured by a specific and perfected lien. It has never been, we think it will never be, applied as it is sought to be applied here, to accord payment to a debt due the United States in preference to a claim secured by a lien which is prior in time and superior in law to the lien of the United States securing the debt for which preferential payment is sought."

Likewise, in *Exchange Bank & Trust Co. et al v. Tubbs Mfg. Co.*, *supra*, the district court granted the United States priority for taxes out of the sale of the assets of the corporation over mortgagees and claims of the City of Dallas for municipal taxes. The mortgage lien claimants and the City of Dallas appealed. The Fifth Circuit Court said: "We will content ourselves with saying that upon a consideration of the relevant facts and a review of the authorities now extant, we are of the clear opinion that the claim of the United States to priority over the mortgage lien claims is unfounded, and that, on the appeal of the mortgage lien claimants, the judgment must be reversed with directions to provide for the payment of the claim of each out of the proceeds of the property on which its lien was fixed, subject, however, to first payment thereout of the City's tax claims. * * * The judgment awarding the United States priority and directing the clerk to issue his check to it for the moneys on deposit, received from the sale of the assets of the debtor is accordingly reversed, and the cause is remanded with directions to enter judgment awarding priority to the respective mortgage claimants, subject to payment of the City's taxes due on the respective properties, and directing the clerk to issue his check to each of the claimants in payment of its debt to the extent that the funds derived from the property secured by its mortgage permit, and to issue his check to the United States for the balance remaining undistributed."

Consequently, we think the court below properly directed the receiver to pay off the tax liens held by Guilford County and the City of High Point before paying the bank the balance due on its secured loan. After the payment of these liens and the claims for wages, which claims are not contested, the appellant is entitled to have all its tax claims paid which were filed prior to the filing of the judgment in favor of Carolina Spring Corporation on 18 July 1960 if the funds in the hands of the receiver are sufficient to pay such claims. *Surety Corp. v. Sharpe, supra.*

The judgment entered in the Municipal Court of the City of High Point on 31 January 1961, and affirmed in the Superior Court of Guilford County, will be upheld.

Affirmed.